[Criminal No. 771.   Filed May 16, 1932.]

[11 Pac. (2d) 356.]

# EUTROPIO HERNANDEZ, Appellant, v. STATE, Respondent.

Mr. William J. Fellows, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

LOCKWOOD, J.—Eutropio Hernandez, hereinafter called appellant, was convicted in the superior court of Maricopa county for the crime of selling intoxicating liquor, and has brought his case before us for review. There is but one point raised in the appeal, and a statement of the facts preceding the

trial is all that is necessary for the proper understanding of the issue involved.

Appellant was informed against on the 3d of July, 1931. He was arraigned on the 13th of July, being represented at that time by his present counsel, William J. Fellows. The reading of the information was waived, and the appellant entered a plea of not guilty, and the court thereupon set the case for trial for the twenty-fourth day of September. Neither appellant nor his counsel then or afterwards made any objection to the date of trial fixed by the court, until September 22d, when appellant filed a motion to dismiss the prosecution upon the ground that the case had not been brought to trial within sixty days after the filing of the information, as required by the provisions of section 5204, Revised Code of 1928. The motion was denied, and the court proceeded to try the case over the objection of appellant, finding him guilty as charged, and sentencing him to pay a fine of $100, and be imprisoned for four months in the county jail.

Motions in arrest of judgment and for new trial, based on the same grounds as the motion to dismiss, were duly filed and denied by the court, and the matter is now before us on appeal.

Section 24, article 2 of the Constitution of Arizona provides:

"In criminal prosecutions, the accused shall have the right . . . to have a speedy public trial. . . . "

This constitutional provision has been made more specific by the legislature in section 5204, *supra,* which reads, so far as material, as follows:

"§ 5204. Dismissal for want of prosecution. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed . . . if a defendant, whose trial has not been postponed upon his application, is not brought to trial within

sixty days after the finding of the indictment or the filing of the information.''

It is evident from the foregoing recital of facts that the defendant was not tried within the sixty days set forth in section 5204, *supra*.

We have held in the case of *In re Von Feldstein,* 17 Ariz. 245, 150 Pac. 235, in construing section 1274, Penal Code of 1913, which is *verbatim* the same as section 5204, *supra,* that the statute is imperative, and that the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed; and, further, that the state must bear the burden of showing such good cause for postponement beyond the period fixed by law. See, also, *Yule* v. *State,* 16 Ariz. 134, 141 Pac. 570; *In re Begerow,* 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828; *People* v. *Morino,* 85 Cal. 515, 24 Pac. 892; *Ex parte Ford,* 160 Cal. 339, Ann. Cas. 1912D 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757.

Unless, therefore, it appears affirmatively from the record in this case that there was good cause for the delay, it was the duty of the lower court to dismiss the prosecution.

On examining the reporter's transcript, we find the following statement made by the trial judge in regard to his reason for refusing to dismiss:

"There is now and has been for some ten or fifteen years a rule in this court that no jury trial shall be held during July and August, and this Court was following the rule of Court. . . . ''

"In other words, if we have to try these men during July and August I want the Supreme Court to say so.''

Obviously the "good cause shown" was the custom of the court not to hold jury trials during July and August. Does this satisfy the statute? The question of good cause has been before the courts of many

of the states, and the decisions thereon are varying. We have found none, nor have we been cited any, that are strictly on all-fours with the case at bar. We think, however, the principle applicable is well stated in the case of *Ex parte Caples,* 58 Miss. 358, as follows:

"A judge has no right, upon such an issue, to consult the desires or interests of particular classes of the community, so long as there remains one prisoner in custody who demands to be tried, nor even to subordinate the rights of the imprisoned to the mere wishes of the entire community. There must be some grave public necessity to warrant the prolongation in confinement of those who demand that speedy trial which the Constitution guarantees to the humblest citizen."

No rule or custom of court can set aside a positive statute, especially when it involves the protection of a constitutional right conferred upon the individual citizen. This court will take judicial notice that during the months of July and August, the weather in Maricopa county is extremely hot, and it is very uncomfortable both for a trial judge and a jury to conduct jury cases during that period, but it also may be said with even greater truth that confinement in prison during those months is equally irksome to the individual awaiting trial, and we think the mere personal convenience or comfort of the trial judge and jury cannot be weighed in the balance as against the statutory and constitutional rights of the defendant. The cause shown in the record of this case is not, in our opinion, the "good cause" demanded by the statute.

But another matter determines the case at bar. The record shows that on the thirteenth day of July, when the court set the case for trial, defendant was represented by counsel learned in the law, who presumably knew his client's rights. Knowing that the

date set for trial was far beyond the end of the sixty-day period, he made no protest against the setting, either then or at any time until after the sixty days had expired, and it was too late for the trial court to reset the case within the statutory period.

We have held in *King* v. *State,* 23 Ariz. 49, 201 Pac. 99, that the constitutional provision granting a speedy trial, and naturally the statutory one defining the length of time which shall be considered speedy, may be waived by a defendant. Our statute was obviously taken from California, and the Supreme Court of that state, in *People* v. *Hawkins,* 127 Cal. 372, 59 Pac. 697, held that a defendant who fails to claim his privilege within proper season will be deemed to have waived it.

The precise situation now before us appeared in *People* v. *Rongo,* 169 Cal. 71, 145 Pac. 1017, and the court said as follows:

"Upon appeal the first proposition presented is that the court erred in refusing to grant defendant's motion to dismiss the criminal charge on the ground that he had not been brought to trial within 60 days after the filing of the information. The information was filed on October 12, 1912. He was arraigned October 14th, and the time to plead was continued to October 16, 1912, on which day he pleaded not guilty, and the case was set for trial December 17, 1912. So far as the record shows, there was no objection made by defendant, on October 16th, to setting the case for trial on December 17th, although that date was beyond the 60-day limit. Consent will therefore be presumed. *People* v. *Douglass,* 100 Cal. 1, 34 Pac. 490; *People* v. *Peter,* 20 Cal. App. 151, 128 Pac. 415."

The same situation appears in *People* v. *Holmes,* 13 Cal. App. 212, 109 Pac. 489, and *Ex parte Tranmer,* 35 Nev. 56, 41 L. R. A. (N. S.) 1095, 126 Pac. 337.

The constitutional and statutory provisions involved herein were not meant to shield the guilty man who sits silently by and allows the officers of the state to assume that he acquiesces in delaying a trial, and then, when it is too late for the mistake to be remedied, claims his rights. They were meant rather to protect the man who seasonably makes it known to the proper officers that he claims an early trial, so that his innocence may be established.

Because by his silence when the case was first set for trial, appellant is deemed to have waived his right to be tried within sixty days from the filing of the information, the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.