[Criminal No. 782. Filed December 6, 1932.]

[16 Pac. (2d) 965.]

STATE, Appellant, v. ALFREDO CARRILLO, Respondent.

Mr. K. Berry Peterson, Attorney General, and Mr. Dodd L. Greer, County Attorney, for the State.

Mr. J. Smith Gibbons, for Respondent.

ROSS, J.—This appeal is taken by the state from an order dismissing the prosecution because the defendant was not brought to trial within sixty days after the filing of the information.

The facts upon which the motion was granted are stipulated as follows: On December 9, 1931, defendant was committed by the examining magistrate to the superior court of Apache county for the crime of grand larceny and let out on bail of $150. An information against him was filed December 15th. When he was called for arraignment on July 2, 1932, he made his motion to dismiss for want of prosecution within the time fixed by law. The delay in arraigning and bringing defendant to trial was not at his instance or request, but he took no affirmative action to secure or compel the trial. No trial jury was in attendance upon the court from the time of filing of the information until defendant was arraigned because there had not been sufficient cases awaiting trial by jury to justify the court's calling

a jury, and defendant was all the time, from the date he was held over, out on bail.

The Constitution guarantees to persons charged with crime a speedy trial (section 24, art. 2), and our legislature has determined that, unless the prosecution shows good cause for not bringing the case to trial within sixty days after filing the information, or unless the trial is postponed on the application of the accused, the court must order the prosecution dismissed. Section 5204, Rev. Code 1928. It was incumbent upon the state to show good cause for the delay in bringing the case to trial. *Hernandez* v. *State,* 40 Ariz. 200, 11 Pac. (2d) 356.

The prosecution would excuse the delay on three grounds: (1) The defendant did not request a trial; (2) that the business of the court did not justify the summoning or drawing of a trial jury; and (3) that defendant was at large on bail. As we read the law, defendant is not required to request a trial. He is not the moving party. It is the state that initiates the accusation, and any delay in its prosecution, except for most cogent reasons, is not contemplated or justifiable. If the state can excuse itself for not bringing the accused to trial because he did not request a trial, then the *onus* for celerity is shifted to the accused. There is no intimation in the law that the accused must request a trial before he may claim the right to be dismissed for failure on the part of the state to bring on the prosecution within the limit fixed by law. If the trial is postponed for any reason other than some cause attributable to the accused, in the absence of a showing of good cause for the postponement, it must be dismissed.

Clearly, here the reason the defendant was not brought to trial was that there was no trial jury in attendance upon the court. And the reason that there was no trial jury was that the court thought

there were not sufficient cases to justify the summoning of one. If these reasons constitute good cause for the delay, then it was error to dismiss the prosecution.

It does not seem that constitutional and statutory rights of a person charged with crime should be made dependent upon the amount of business in the court or the number of jury cases at issue. If so, what would be good cause for delay would mean one thing in those counties with little litigation and another thing in those where the litigation requires the frequent attendance of trial juries. In *Hernandez* v. *State, supra,* we held that the long-established rule or custom of having no jury trials in Maricopa county during the hot months of July and August was not good cause for failure to prosecute the defendant within the sixty-day limit, and that the personal comfort and convenience of the court and jury should not be permitted to nullify the laws passed for the protection of accused persons. If the delay in bringing on the trial is not attributable to some act of accused, the statute is imperative in its provisions, and the court has no alternative but to dismiss the prosecution. 8 R. C. L. 73; *People* v. *Morino,* 85 Cal. 515, 24 Pac. 892. That the court had but few or no cases other than the defendant's calling for a jury is certainly not attributable to the defendant.

It is said in *State* v. *Arkle,* 76 Mont. 81, 245 Pac. 526, where this precise question was involved, under a statute and Constitution very much like ours:

"That it is inconvenient for men to assemble for jury duty, or that the court finds it inexpedient to call a jury, is no excuse for not bringing a defendant to trial within the time prescribed by statute. *State* v. *Brodie,* 7 Wash. 442, 35 Pac. 137; *Newlin* v. *People,* 221 Ill. 166, 77 N. E. 529; 16 C. J. 447."

In this same case it was the contention of the state that a defendant on bail was in a different situation

than one confined to imprisonment, and was not entitled to have his case dismissed when not prosecuted within the time prescribed; in other words, that his being at large on bail was good cause. That court said:

"The fact that the defendant is admitted to bail does not alter the case,"

and quoted the following statement from *State* v. *Keefe*, 17 Wyo. 227, 98 Pac. 122, 17 Ann. Cas. 161, 22 L. R. A. (N. S.) 896:

"The purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison."

With this construction of the law we agree. The right to a trial within the time prescribed is extended to the person on bail upon the same terms and conditions as it is to the one in prison.

The order dismissing the prosecution is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.