(No. 7081. February 20, 1943.)

IN THE MATTER OF THE PETITION OF DANIEL RASH FOR WRIT OF HABEAS CORPUS.

[134 Pac. (2d) 420.]

Murray Estes for petitioner.

Robert W. Peterson for Latah County, Idaho.

GIVENS, J. — An information charging bigamy was filed against petitioner November 24, 1941. Thereafter, at a trial on said charge, in December, 1941, the jury disagreed. January 5, 1942, the case was continued at defendant's request because of the absence of, and inability to secure, necessary witnesses. September 19, 1942, the case was continued at the request of the prosecution, based upon this statement by the trial court:

"That this court takes judicial notice of the fact that the United States is at war and that it would be virtually impossible to obtain witnesses in said cause at the present time who must come from a considerable distance, as they are employed in defense projects where their presence is absolutely essential; and that because of the conditions existing in Latah County, Idaho, due to the shortage of labor, it would be virtually impossible to obtain a jury at the present time without working a great hardship upon everyone that would be called to the jury duty at this time and because it does not appear that the defendant would in any [way] be prejudiced by said continuance."

Thereafter the trial court overruled petitioner's motion to dismiss, made September 21, 1942, under Sec. 19-3401 (2), I. C. A.:

"19-3401. When action may be dismissed.—The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

\* \* \*

"2.   If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found.",

as follows:

"It appears that, under the statute, the defendant was entitled to be tried during the term of court which convened in Latah County on April 6, 1942, unless it should appear that sufficient cause for continuing said case over said term of court existed at the time of the continuance and still exists.   The said term continued from said 6th day of April, 1942, until the 19th day of September, 1942, when said term of court was adjourned.   Prior to the filing of this motion now under consideration and while the April term was still in session, the prosecuting attorney filed an application for a continuance, which said application is a part of the records and files of this cause, and said application was thereafter and on the 19th day of September, 1942, granted.

At the time of the granting of said application for a continuance, the undersigned judge of said court believed from the showing made by the state and from complete knowledge of said judge as to labor conditions existing in Latah County that it was not only impractical but improper to call a jury during said term of court for the reason that the citizens of Latah County, made up of farmers, merchants and laborers of all classes, were completely occupied during said term of court and the whole thereof in work highly essential to the prosecution of the present war; that adequate help could not be obtained by the citizens in the performance of their duties and that it would have been impossible, during said term, to procure sufficient jurymen to hold a jury term without issuing a venire far in excess of a reasonable number and, even in that case, it would be doubtful whether or not a jury panel sufficient to carry on the court business could have been secured without totally disregarding valid excuses of said venire; that the defendant in this case is at liberty on bond and, as said judge is informed and believes, defendant himself is engaged in work necessary for the war effort and there is no showing in the record that he will be damaged or injured in any way by the continuance granted;

that another regular term of this court will be convened in Moscow, Latah County, Idaho, on the 19th day of October, 1942, and that during said term, by reason of completion of farm work for the year, it will be possible to have a jury in attendance and to try this defendant during said term; that, under all of the circumstances, it appears that sufficient cause existed for the continuance of said case and that good cause therefore exists why this motion for dismissal should be denied."

Petitioner contends he should have been tried either at the term on April 6, 1942, or September 19, 1942.

November 27, 1942, petitioner sought dismissal under Sec. 19-3401(2), supra, by application for habeas corpus herein.

The proviso in Sec. 19-3401 that "The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed" vests discretion in the court both in the initial determination of whether good cause is shown and in this court on the application for habeas corpus. (Ex parte Venable, 86 Cal. App. 585, 261 P. 731; *People v. O'Connor*, 88 Cal. App. 568, 263 P. 866; *Maher v. Brown*, 225 Iowa. 341, 280 N.W. 553.) If good cause is shown, petitioner is not entitled to bè discharged. (Ex parte Collins, 51 Mont. 215, 152 P. 40; *State v. Bateham*, 94 Ore. 524, 186 P. 5; *Lee Lim v. Davis*, 75 Utah 245, 284 P. 323, 76 A. L. R. 460.) Under the constitution (Art. 1, Sec. 18) and the statutes, defendant in a criminal case is, of course, entitled to a speedy trial (Ex parte Meadows, 71 Okla. Crim. 353, 112 P. (2d) 419; *Ferenz v. Superior Court of Sacramento County*, (Cal.) 128 P. (2d) 48), which means as soon as reasonably possible. (*State v. Harris*, 101 Ore. 410, 200 P. 926; *People v. Molinari*, 23 Cal. App. (2d) 761, 67 P. (2d) 767.)

The present stage of the war or present consequent demand for service of all man and woman power in activities directly contributing to our successful prosecution or assistance in the prosecution of the worldwide conflict, or the fact that during certain seasons of the year farmers should not be called upon to sacrifice their farm activities, does not authorize unlimited continuance of criminal cases or cessation of judicial functions, an integral and constitutional part thereof being speedy jury trials. (*State v. Carrillo*, 41 Ariz. 170, 16 P. (2d) 965; *State v. Chadwick*, 150 Ore. 645, 47 P. (2d) 232.) Any male elector

of the county, otherwise qualified, may be a juror. Sec. 2-201, I. C. A. A special or open venire is as valid as one from the box. (Secs. 2-410 and 2-411, I. C. A.; *State v. Barber,* 13 Ida. 65, 88 P. 418; *State v. Steen,* 29 Ida. 337, 158 P. 499; *State v. Shelton,* 46 Ida. 423, 267 P. 950.) The reasons given by the learned trial judge for continuing the cause are, however, not so lacking in the elements of "good" cause under the statute, though of doubtful justification (*State v. Arkle,* 76 Mont. 81, 245 P. 526; *State v. Chadwick,* supra.), as to demand the petitioner's discharge, especially since his incarceration is only nominal. (*State v. Winchell,* (Wash.) 128 P. (2d) 643.) He is, however, entitled to be tried.

Everyone knows that the longer the trial of a case is delayed, the more difficult it is to obtain the presence of witnesses—death, distant departure, and fading memory intervening many times to defeat justice.

Recognizing the full force and effect of Sec. 19-4315, I. C. A., we nevertheless believe, construing it in connection with Sec. 19-4312, we have the power and authority to dispose of this matter "as the justice of the case may require." (Matter of McLeod, 23 Ida. 257, at 270, 128 P. 1106; Ex parte Collins, supra; *Lee Lim v. Davis,* supra; *State v. Squier,* 56 Nev. 386, 54 P. (2d) 227; Ex parte Meadows, supra; Ex parte Wilkerson, (Okla.) 117 P. (2d) 172, writ of certiorari denied, 314 U. S. 697, 86 L. ed. 557; Ex parte Cress, (Wash.) 123 P. (2d) 767; *United States v. Karnuth,* 25 Fed. Supp. 902.)

Since petitioner is not in actual custody, it is urged that the writ should be quashed in accordance with the statutes and prior holdings of this court (Secs. 19-4301, 19-4302, 19-4305, 19-4308, 19-4309, I. C. A.; *Evans v. District Court,* 47 Ida. 267, 275 P. 99; *State v. Olsen,* 53 Ida. 546, 26 P. (2d) 127, and other authorities), and that mandamus is the proper remedy to compel a trial. The quashing of the writ herein would avail petitioner nothing, and, unless a trial were voluntarily undertaken by the trial court, he would have to resort to mandamus or some other proceeding to secure a trial. We believe that due to the exigencies of the times we are justified in the present instance in going directly to the essential point involved, namely, the right of petitioner to a speedy trial.

Petitioner, therefore, is not discharged from custody but

remanded with directions to the trial court to impanel an open or special venire, if necessary, and put the defendant to trial upon the charge in the information, within the next thirty days, compliant with Sec. 7-109, I. C. A.

Holden, C.J., Ailshie and Budge, JJ., concur.

DUNLAP, J. (Dissenting.)

I dissent.

The petition for the writ shows petitioner was admitted to bail, which was supplied. He is not in actual custody, and is therefore not entitled to the writ of habeas corpus, which is for the benefit of those unlawfully restrained of their liberties. (Secs. 19-4301, 4302, 4305, 4308, 4309, I. C. A.; *Evans v. District Court,* 47 Ida. 267, 275 P. 99; *State v. Olsen,* 53 Ida. 546, 26 P. (2d) 127; In re Dykes, et al., (Okla.) 74 P. 506; Ex parte Powell, et al., (Wash.) 70 P. (2d) 778; Ex parte Ford (Cal.) 116 P. 757; Ex parte Gilkey (Cal.) 259 P. 766; Ex parte Newman, (Ariz.) 262 P. 10; *Hyde v. Nelson,* 287 Mo. 130, 229 S. W. 200, 14 A. L. R. 339; Note and cases cited, 14 A. L. R. 344, 25 Am. Jur., p. 158, Sec. 24.)

Habeas corpus is an extraordinary remedy; it cannot be used to perform the office of appeal or writ of error. (In re Davis, 23 Ida. 473, 130 P. 786; In re Bean, 58 Ida. 797, 79 P. (2d) 540.)

I cannot agree with the construction herein placed by the majority opinion of the court on Sec. 19-3401, I. C. A. That pronouncement of the law-making body specifically directs the trial court, unless good cause to the contrary is shown, to order the prosecution or indictment dismissed, if a defendant whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment is triable, after it is found. The majority opinion is clear to the effect that the reasons given by the learned trial judge for continuance of the case over petitioner's objections, are "of doubtful justification."

Good cause for continuance was not shown in this case.

"The present stage of the war or present consequent demand for service of all man and woman power in activities directly contributing to our successful prosecution or assistance in the prosecution of the worldwide conflict, or the fact that during certain seasons of the year farmers

should not be called upon to sacrifice their farm activities, does not authorize * * * continuance of criminal cases or cessation of judicial functions, an integral and constitutional part thereof being speedy jury trials."

As expressing my view of the law, I have eliminated from the paragraph of the majority opinion immediately above quoted, the word "unlimited", which appears immediately before the word "continuance" in said paragraph of said opinion. In support of the above referred to statement pronounced by the majority, that opinion cites *State v. Carrillo,* 41 Ariz. 170, 16 P. (2d) 965; *State v. Chadwick,* 150 Ore. 645, 47 P. (2d) 232. We find no justification in either of those decisions, for the use of the word unlimited here. See also *State v. Arkle,* (Mont.) 245 P. 526; *State v. Brodie,* (Wash.) 35 P. 137.)

Under my view of the law in this case, consideration of the effect of this section is not required, since the right to the writ does not exist because defendant is not in custody, but my present views as to defendant's rights under Sec. 19-3401, are here inserted because of the construction placed thereon by the majority opinion.

It would appear from the authorities a defendant in a criminal case, not brought to trial within the statutory period, and whose motion for dismissal of the indictment is denied by the trial court, has a remedy for relief by mandamus proceedings. (8 Cal. Jur., p. 207, Sec. 280; Note and annotations, 58 A. L. R. p. 1510; *State v. Chadwick,* (Ore.) 47 P. (2d) 232.)

The writ should be quashed.