313 P.2d 753

**STATE of Arizona, Appellee,**

v.

**Ronald Otis CHURCHILL, Appellant.**

**No. 1098.**

Supreme Court of Arizona.

June 25, 1957.

Gibson & Gibson, Phoenix, for appellant.

Robert Morrison, Atty. Gen., Thomas Tang, Asst. Atty. Gen., Wm. P. Mahoney, Jr., County Atty., Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of conviction and from orders denying defendant's motion for dismissal in arrest of judgment, and for a new trial.

The facts, briefly outlined, show that on or about June 6, 1956, the defendant Ronald Otis Churchill, after an evening of drinking, was discovered at approximately 2 a. m.

while burglarizing a room at the Paducah Hotel. He left the hotel and forced his way into the apartment of one John G. Gemelos located on North 4th Avenue, Phoenix, Arizona. He terrorized Mr. Gemelos for a period of approximately one hour, ransacked the apartment, took approximately $38.75, bound and gagged Mr. Gemelos, broke an empty bottle over his head and pistol-whipped him before leaving.

The defendant then slipped through the police net that had been thrown around the area, and went east across town where he broke into a secluded cabin hidden from the street that belonged to one Mrs. Poley. He threatened Mrs. Poley with his pistol and, when a neighbor, Mrs. Peters, came to investigate, the defendant in an undressed condition rushed out, grabbed her, struck her on the head with the gun and dragged her into the Poley cabin and proceeded to rip the clothing from her. The police arrived shortly thereafter and Sergeant Mason West went to the door and ordered the defendant to come out. The defendant answered by firing a round through the door, barely missing the officer. He was finally forced from the cabin by means of tear gas and was apprehended completely unclothed.

The proceedings against the defendant are shown by the record. A complaint was filed on June 7, charging him with robbery, two counts of assault with a deadly weapon, a charge of assault with intent to commit rape, and a charge of burglary. The defendant waived preliminary examination before the committing magistrate on June 8 and was bound over to the Superior Court. An information was filed on June 11, 1956 charging the five felony counts enumerated above. Defendant was arraigned on the information on June 18 and entered a plea of not guilty. Trial of said cause was set for August 10, 1956. This trial setting was the last day within the sixty-day statutory period insisted upon by the defendant. On August 2, 1956 the county attorney contacted the Honorable Henry S. Stevens, Judge, Superior Court, Maricopa County, for advice as to the probability of the case being reached by the court on the day set in order to prepare for trial. The Court, at that time, being of the opinion that the case could not be tried on the date set, *on its own motion* and over the objection of the defendant's counsel, vacated the trial setting of August 10 and reset the cause for trial on August 20, 1956, which was ten days beyond the sixty-day statutory period from the time the information was filed.

Trial of this cause was thereafter begun on August 20 and resulted in convictions on August 22. The convictions were on all counts except the charge of burglary which had been dismissed by the county attorney at the commencement of the trial.

At the commencement of the Superior Court trial before the Honorable Francis J. Donofrio on August 20, counsel for de-

fendant again moved to dismiss on the grounds that the trial date was beyond the sixty-day statutory period. This motion was denied after argument. After conviction and prior to sentencing, on August 31, 1956, defendant argued his motion for a new trial and motion in arrest of judgment, raising again the sixty-day limitation. The motions were denied after argument and the defendant was thereafter sentenced.

The sole question raised and argued on appeal is: was the defendant denied his right to a speedy trial, guaranteed by Art. 2, Section 24 of the Arizona Constitution, A.R.S.? This provision reads in part as follows:

"Rights of accused in criminal prosecutions. Section 24. In criminal prosecutions, the accused shall have the right * * * to have a speedy public trial * * *."

The above constitutional provision does not fix any particular time period, however, section 1274, P.C.1913, now 17 A.R.S.Rule 236 of our Rules of Criminal Procedure, was intended to implement the "speedy trial" provision of the constitution, Matter of Von Feldstein, 17 Ariz. 245, 249, 150 P. 235. The rule provides substantially, as follows:

"When a person has been held to answer for an offense, * * * if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. * * *"

There is no question of consent or waiver in the instant matter since the defendant made constant demands to have his right to a "speedy trial" recognized.

We held in the case of Matter of Von Feldstein, supra, when construing the "speedy trial" provision of the constitution and the statute implementing it, that it is imperative and that unless *good cause* is shown, the court must order the prosecution to be dismissed; and, further, that the state must bear the burden of showing such *good cause* for postponement beyond the period fixed by law. In that case more than ninety days elapsed between the date of filing the information and the date of trial and, *no showing whatever was made* justifying continuances. The court said in this respect [17 Ariz. 245, 150 P. 236] "* * * There is no showing that the court was engaged in other business that prevented the trial of appellant within the 60-day limit prescribed by law." See also, Hernandez v. State, 40 Ariz. 200, 11 P.2d 356.

■ On the question of *good cause* it is important to note that the statute provides that an affidavit showing such is necessary. It is our view that continuance on motion of the court itself does not require an affidavit. In the instant matter, a minute entry is sufficient to state the reason for the delay as the court obviously is not required to submit an affidavit to itself; therefore, the provision for an affidavit does not apply where the trial court orders a continuance on its own motion. The records of August 2, 1956 contain the following minute entry relating to the matter:

"The court being informed by the county attorney that this cause is currently set for trial August 10, 1956 and that the county attorney wishes advice as to the probability of same being then reached in order that he may issue his subpoenas, and *it being the opinion of the court that by reason of the absence of judges from the county it will not be possible to reach this cause on August 10, 1956,* and that the most likely date appears to be August 20, 1956, and that defendant objects to any continuance,

"It is ordered vacating the trial setting of August 10, 1956, and resetting this cause for trial August 20, 1956." (Emphasis supplied.)

It will be noted that the *good cause* relied upon by the trial judge to support his order of continuance beyond the sixty-day period was the fact of "the absence of judges from the county." The defendant strongly urges that this reason or cause is not *good cause* in light of the law and authority as stated in Hernandez v. State, supra; and State v. Carrillo, 41 Ariz. 170, 16 P.2d 965.

■ In the Hernandez case, supra, it was held that the long established custom of having *no* jury trials during the hot months of July and August was not *good cause* for failure to prosecute the defendant within the sixty-day limit. In the Carrillo case, supra, the fact that the court had but few or no cases other than the defendant's, calling for a jury, was held not *good cause* for delay. Therefore, delay based on refusal to hold court in the hot months of the year or based upon too few trials to justify the calling of a jury trial, is not *good cause*. The instant matter is clearly distinguishable from the Hernandez and Carrillo and Von Feldstein cases cited, supra. The trial court herein was in session throughout the entire summer and there is no evidence that sufficient jurors were not available for duty as needed. However, it is our view that the ten-day delay, based upon the absence of trial judges from the county and made solely on motion of the trial judge, is a wholly different matter and, in itself justifies a reasonable postponement unless abuse of discretion clearly appears on the part of the judge ordering the continuance.

As we interpret the minute entry quoted above, it is merely a statement of the trial court that, in its opinion the condition of the

court's business was such that it would not be possible to try the case within the sixty-day period. The question of a speedy trial must always be considered from a common sense viewpoint. It is a matter of common knowledge that criminal courts, particularly in the larger counties, are extremely busy, and while it is important that the constitutional rights of a person to a speedy trial be fully protected, at the same time the crowded condition of trial court calendars must likewise be considered in determining the question of *good cause* under the rule.

■■ Before a defendant is entitled to an order of dismissal under Rule 236 (supra), he must bring himself within the spirit and intention of the rule. The principal purpose being not to allow the guilty to escape upon technicalities, but to shield the innocent by preventing *unnecessary* and *unreasonable* delays. *Good cause* means substantial reason, that is, one that affords a legal excuse.

As examples of reasonable continuances this Court has held that *good cause* existed for delay when the accused was detained in federal custody beyond the sixty-day period, In re Douglas, 54 Ariz. 332, 95 P.2d 560, and when a continuance was granted because of the absence of a material witness from the state, Hunter v. State, 43 Ariz. 269, 30 P.2d 499. It is our view that the facts of the instant case afford a legal excuse.

■ Therefore, it follows that the absence of some of the trial judges, and the consequent inability of the court to try cases because of its heavy work-load and congestion, is *good cause* for the ten-day continuance, and is not an unreasonable delay in the instant matter, and that the defendant suffered no real loss of his constitutional right to a speedy trial. People v. George, 91 Cal.App.2d 537, 205 P.2d 464, 468; Paul v. District Court of Johnson County, 231 Iowa 1027, 2 N.W.2d 751; State v. Kuhnhausen, 201 Or. 478, 272 P.2d 225, 241.

Judgment and orders affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.