411 P.2d 170

James **NORTON** and Annabell Pennington, Petitioners,

v.

**SUPERIOR COURT,** Yale McFate (Maricopa County) and Robert K. Corbin, County Attorney, Respondents.

No. 8695.

Supreme Court of Arizona.

En Banc.

Feb. 10, 1966.

**66**

Philip J. Shea, Phoenix, for petitioners.

Robert K. Corbin, Maricopa County Atty., and Harold Reeb, Deputy County Atty., Phoenix, for respondents.

UDALL, Justice.

The following are the uncontradicted facts in this matter. The defendants were each held to answer for two counts of forgery after a preliminary hearing on July 30, 1965. The county attorney filed the information on August 18, 1965, and the defendants were arraigned on September 7,

1965. At the arraignment defendants pleaded not guilty and the trial was set for October 14, 1965, which was the 57th day after the information was filed. The defendants expressly refused to waive their right to be brought to trial within 60 days from the date that the information was filed, and accordingly the minute order of that proceeding reads in part: "DO NOT WAIVE the 60-day period, * * *."

On the 61st day the defendants, not then having been brought to trial, filed a motion to dismiss the prosecution pursuant to Article 2, Section 24 of the Constitution of the State of Arizona, A.R.S., and Rule 236, Rules of Criminal Procedure, 17 A.R.S. Respondent Maricopa County Attorney filed an affidavit in opposition, stating that the deputy county attorney opposed the defendants' motion to dismiss because he believed that good cause for a continuance beyond the 60 days did in fact exist for the following reasons:

"That at the present time this deputy himself has six cases riding the calendar, the trial dates being past due.

"That this deputy has been trying to get to Court on one of these cases since October 5, 1965, and so far has not been able to find a Court available due to the congested Court calendar."

In his affidavit attached to petitioners' Petition for Hearing on the Writ of Prohibition, the petitioners' attorney made the following allegations, which were uncontroverted:

"The records of the Superior Court of Maricopa County reveal that courts were available for the trial of this case within the 60-day period. Attached to this affidavit are the daily trial calendars for October 15 [sic], 1965. [Actually the calendar for October 14, 1965 was attached.] In addition, your affiant checked the files available in the clerk's office of cases that were being handled on the day the defendants were scheduled to go to trial. These records reveal the following regarding the activities of the various divisions of the Maricopa County Superior Court on October 14, 1965, the day on which the Norton-Pennington trial was set to be tried:

" 'Two divisions (6 and 13) were engaged in criminal matters.

" 'Three divisions (1, 4, and 10) were busied by divorce actions. A fourth (3) tried a divorce action and a suit by a law firm to collect a fee; and a fifth (12) heard a petition to modify a divorce decree.

" 'Three divisions apparently heard no matters whatever. The daily trial calendar indicates that one of these divisions (16) had "matters under advisement" on October 12, 13, 14, and 15. The trial calendar indicates

that two divisions (7 and 9) were scheduled to try civil cases on October 14, but the files of those cases reveal that these cases were actually completed on October 13.

" 'Six other divisions (2, 9, 11, 17, 18 and 19) heard civil trials. The remainder of the divisions were devoted to special purposes (presiding division (8), special proceedings (14), probate (5) and juvenile (15)).' "

At the hearing on the motion to dismiss, on October 19, 1965, the court, through Judge Yale McFate, denied the petitioners' motion to dismiss and ordered the case set for trial before a jury on the afternoon of the day that the hearing was held, the 62d day after the filing of the information.

■■■ As we recently stated, an accused's right to a speedy trial was recognized by the Magna Carta and is recognized in at least 41 states, including Arizona, by a constitutional provision.[1] Rule 236 of our Rules of Criminal Procedure,[2]

was intended to implement the "speedy trial" provision of the Arizona Constitution. The defendants need not demand a trial in order to avail themselves of the protection of Rule 236. State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962); State v. Churchill, 82 Ariz. 375, 313 P.2d 753 (1957); State v. Carrillo, 41 Ariz. 170, 16 P.2d 965 (1932). As we said in State v. Carrillo, supra, on page 172, 16 P.2d on page 966:

"It is the state that initiates the accusation, and any delay in its prosecution, except for most cogent reasons, is not contemplated or justifiable."

The petitioners herein specifically did not waive the 60-day time limit set forth in Rule 236 of the Rules of Criminal Procedure.

■■■ We have held that when construing the speedy trial provision of the Constitution, and Rule 236 of the Rules of Criminal Procedure, which implements the constitutional provision, the court must order the prosecution to be dismissed un-

1. Article 2, Section 24, Constitution of the State of Arizona.

2. Rule 236. Dismissal of prosecution upon failure to file information or bring to trial within time limitation; exceptions
"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

less good cause is shown for continuance beyond the 60 days. Matter of Von Feldstein v. State, 17 Ariz. 245, 150 P. 235 (1915); State v. Churchill, supra. The burden of showing the good cause is upon the prosecution. In re Douglas, 54 Ariz. 332, 95 P.2d 560 (1939).

As we said in State v. Carrillo, supra:

"It does not seem that constitutional and statutory rights of a person charged with crime should be made dependent upon the amount of business in the court or the number of jury cases at issue. If so, what would be good cause for delay would mean one thing in those counties with little litigation and another thing in those where the litigation requires the frequent attendance of trial juries. In Hernandez v. State [40 Ariz. 200, 11 P.2d 356] we held that the * * * personal comfort and convenience of the court and jury should not be permitted to nullify the laws passed for the protection of accused persons. If the delay in bringing on the trial is not attributable to some act of accused, the statute is imperative in its provisions, and the court has no alternative but to dismiss the prosecution. * * *" 41 Ariz. at 173, 16 P.2d at 966.

In the *Hernandez* case, supra, we held that the long-established custom of having no jury trials during the hot months of July and August was not good cause for failure to prosecute the defendant within the 60-day limit. In the *Carrillo* case, supra, we held that the fact the court had but few or no cases, other than the defendant's, calling for a jury trial was not good cause for delay. The respondent county attorney herein cites State v. Churchill, supra, to support his argument that there was good cause for delay in the instant situation. There we held it was good cause for a ten-day delay where there was an absence of trial judges from the county and where the trial court on its own motion found that the condition of the court's business was such that it would not be possible to try the case within the 60-day period.

Here the situation is very different from that in *Churchill*, supra. The uncontroverted facts, as set forth in the petitioners' petition, demonstrate that the case could have been tried within the 60-day period. It appears to us that the court erred in denying the petitioners' motion to dismiss for lack of a speedy trial.

The alternative writ of prohibition, prohibiting the respondents from prosecuting the petitioners on the information filed August 18, 1965, in cause number 47069, is made permanent.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.