415 P.2d 888

**STATE of Arizona, Appellee,**

v.

**Michael Gregory PRUETT, Appellant.**

**No. 1565.**

Supreme Court of Arizona,
In Division.
June 22, 1966.

Gibson & Gibson, by Franklin K. Gibson, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

UDALL, Justice.

Appellant, Michael Gregory Pruett, hereinafter referred to as defendant, appeals from a judgment entered by the trial court convicting him of the crimes of kidnapping for lewd and lascivious acts; lewd and lascivious acts; and, assault with a deadly weapon. Defendant asserts that he was denied his right to a speedy trial contrary to the guarantees of Art. 2, § 24 of the Arizona Constitution, A.R.S.; Rule 236 of the Arizona Rules of Criminal Procedure, 17 A.R.S. the Sixth Amendment to the Constitution of the United States as made obligatory upon the states by the Fourteenth Amendment thereof; and, the due process of law clause of the Fourteenth Amendment to the United States Constitution.

The Arizona Constitution, Art. 2, § 24, provides in part that, "In criminal prosecutions, the accused will have the right * * * to have a speedy public trial * * *." The Sixth Amendment to the United States Constitution contains substantially the same wording as above. Rule 236, Rules of Criminal Procedure, provides:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed

against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

We are not directly concerned with Rule 236 in the instant case since pursuant to Rule 238 the county attorney sought and was permitted by the trial court to refile a complaint in this matter on May 6, 1964. After this date the prosecution of the action moved along at the usual rate in criminal matters. What must be determined is whether the passage of over six months, from date of arrest to the date the last complaint was filed, deprived the accused of the constitutional guarantee of a speedy trial.

The facts of this case necessary to decide the appeal are as follows: Defendant was arrested on October 26, 1963 and a complaint was filed on October 28, 1963 in the Mesa Justice of the Peace Court and a warrant issued. On November 1, 1963 defendant waived his right to a preliminary hearing and was held to answer the charges. On December 4, 1963, more than 30 days after defendant was held to answer, the proceedings and transcript of the Mesa court were filed in the Superior Court of Maricopa County. Two days later, a complaint charging the same offense was filed in the Northeast Phoenix Justice of the Peace Court and a warrant was issued. On December 9, 1963 defendant filed a motion to dismiss in the Justice Court of Northeast Phoenix alleging two pending causes for the same offense. The next day the state filed a motion to dismiss the Mesa

proceedings in the Superior Court, which was granted. On December 30, 1963 the Northeast Phoenix Justice of the Peace denied defendant's motion to dismiss and reset the preliminary examination date for January 9, 1964 and on this date the defendant was held to answer. At this hearing defendant filed a supplemental motion to dismiss which was denied.

On January 20, 1964 an information was filed based upon the Northeast Phoenix complaint. The arraignment on January 27, 1964 was continued until February 3, 1964, when defendant entered a plea of not guilty; requested ten days to file motions, and, filed a motion to quash. A hearing was held on the motion to quash on February 6, 1964 and taken under advisement by the trial court. On February 11, 1964 the trial judge granted the motion to quash and permitted the state ten days leave to file an information. A second information was filed February 20, 1964 which was identical to the one filed January 20, 1964. An arraignment on the second information was held on February 26, 1964 and trial was set for the end of March. Defendant was given ten days to file motions, and on March 4, 1964 again sought to quash the information by motion. This motion was denied on March 20, 1964.

Five days later defendant filed a petition for writ of habeas corpus in the Superior Court and after a hearing, an order was entered quashing the writ. On April 15, 1964 the defendant filed a petition for writ of prohibition in this Court and we heard the matter on April 21, 1964. After argument on this date the County Attorney agreed to dismiss the complaint and seek the trial court's permission to refile the charges.

On May 6, 1964, after a hearing, permission to refile the charges was granted by the trial court. The following day the state, after its motion to dismiss the earlier complaint was granted, filed a new complaint and a warrant issued for the defendant.

██ We have consistently and frequently upheld an accused's right to a speedy trial

in this jurisdiction. See e. g., Norton v. Superior Court, 100 Ariz. 65, 411 P.2d 170; Rojas v. Superior Court, 100 Ariz. 364, 414 P.2d 740 (May 18, 1966); State v. Carrillo, 41 Ariz. 170, 16 P.2d 965; Yule v. State, 16 Ariz. 134, 141 P. 570; Matter of Application of Von Feldstein, 17 Ariz. 245, 150 P. 235. The right of an accused to a speedy trial runs from the time he is held to answer by a magistrate. State v. Maldonado, 92 Ariz. 70, 373 P.2d 583.

An alleged denial of a speedy trial must be considered in light of the fact and circumstances of each case, Everett v. State, 88 Ariz. 293, 356 P.2d 394, and determined from a common sense viewpoint. State v. Churchill, 82 Ariz. 375, 313 P.2d 753.

In United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, the United States Supreme Court stated:

"We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U.S. 77, 87, 35 S.Ct. 573, 576, 49 L.Ed. 950. 'Whether delay in completing a prosecution amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393. '[T]he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041." [footnotes omitted]

The facts of this case do not demonstrate that the delay was purposeful or oppressive. There is little argument that the state could have been more timely in the prosecution of this matter. Much of the delay resulted from the state's failure to follow the Rules of Criminal Procedure and the cases construing such rules. On the other hand, a portion of the delay resulted from defendant's acts, particularly in regard to his insistence on the right to a speedy trial. We certainly do not recommend nor approve of the procedure adopted by the state in this case. A simple matter has once again been made very complicated. McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657.

There can be little doubt that the defendant should not be penalized for his exercise of a fundamental constitutional right. We note, again, that this state follows the minority rule that an accused does not have to demand a timely trial to protect his right given by the state constitution. State v. Carrillo, 41 Ariz. 170, 16 P.2d 965. Defendant's motions to dismiss or quash were pursuant to the criminal procedure rules of this state and were, no doubt, anticipated by the state in this, as well as most, cases. Therefore, any delay caused by such motions should not, under the facts present, be charged to the defendant. See, e. g., State v. McCarty, 243 Ind. 361, 185 N.E.2d 732; People v. Jonas, 234 Ill. 56, 84 N.E. 685; State v. Hess, 180 Kan. 472, 304 P.2d 474. There are, however, cases where an accused may waive his right to a speedy trial by filing dilatory motions prior to the expiration of the sixty days wherein he must be brought to trial.

In State v. Maldonado, supra, we declared that:

" 'The constitutional right of a defendant charged with crime is to a speedy trial, and this primarily had to do with his personal liberty as being the one and efficient means by which he should not, for an undue time, be left to languish in jail, and thus be robbed of such part of his life.' In re Begerow, 136 Cal. 293, 296, 68 P. 773, 774, 56 L.R.A. 528 (1902). Another important purpose of this fundamental guarantee is to enable an accused to effectively prepare his defense i. e. before time and failing memories leave witnesses dead, unavailable or useless. And a prompt trial eliminates at least some of the anxiety, harassment and unfavorable publicity suffered by the innocent as well as the guilty who await the outcome of pending charges. Finally ' * * * it is desirable that punishment should follow offence as closely as possible; for its impression upon the minds of men is weakened by distance, and, besides, distance adds to the uncertainty of punishment, by affording new chances of escape.' Benthem, The Theory of Legislation 326 (Ogden ed. 1931)."

█ The defendant contends that the fact of imprisonment for six months is prejudicial in itself. Absent a showing of other circumstances, we cannot say that imprisonment alone for this period is so prejudicial as to require reversal.

█ The trial of this matter was well within the applicable statute of limitation, "which is usually considered the primary guarantee against bringing overly stale criminal charges." United States v. Ewell, supra. The defendant has not indicated the names of any witnesses who were unavailable or had disappeared at the date of the trial. Neither does the defendant mention any evidence that had been lost or was unavailable at the trial. Thus, it is difficult to understand how he was prejudiced by the mere passage of time. In addition, the accused was subject to bail during this period, and while this is not a conclusive factor by any means, it is another factor that may be considered. Cf. State v. Carrillo, supra. Another consideration is that the defendant was given credit on his sentence for the time in question. The cumulative effect of these facts demonstrate that defendant was not prejudiced by the delay.

We find that the delay was not purposeful on the part of the state. There is nothing in the record to indicate the state's action was arbitrary, oppressive or vexatious in the handling of this matter. At most, the delay was accidental, caused by mistaken conclusion as to the law, and was promptly remedied when finally discovered.

The balance between the rights of public justice and those of the defendant does not require a reversal under the surrounding circumstances of this case. As shown above, the lapse of time was not deliberate by the state and was not oppressive to the defendant. Therefore, the defendant was not deprived of a speedy trial under Art. 2, § 24 of the Arizona Constitution or the Sixth Amendment to the United States Constitution as applied to the Fourteenth Amendment of the United States Constitution.

█ Likewise, we find no denial of due process under the Fourteenth Amendment to the United States Constitution. "[U]nless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law." State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, and cases cited therein. The act complained of was lapse of time, and was not of such quality as to prevent a fair trial. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166.

Because of the complete absence of any circumstances showing prejudice to defendant's right to a speedy or fair trial, the judgment should be and is affirmed.

STRUCKMEYER, C. J., and LOCKWOOD, J., concur.