## No. 27174

## The People of the State of Colorado v. Roger Roland Gallegos

(560 P.2d 93)

Decided February 22, 1977.

Nolan L. Brown, District Attorney, L. Gary Hebenstreit, Deputy, for plaintiff-appellant.

Dale A. Spiegel, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The People appeal from the judgment of the district court dismissing the criminal charges[1] against defendant Roger Roland Gallegos because he was not brought to trial within six months of his arraignment as required by section 18-1-405, C.R.S. 1973, and Crim. P. 48(b). We affirm.

Shortly after defendant's trial was set, the trial court realized that it had set the trial date beyond the six-month period. The trial court contacted the defendant about this and the filing of a speedy trial waiver was mentioned. No further action was apparently taken by either the district attorney or the trial court. The record is silent as to defendant's or his counsel's actions during this period. No waiver was ever filed. Just prior to the date set for trial, defendant moved for dismissal of the charges against him.

In dismissing the charges, the district court acknowledged fault for not resetting the trial date after receiving no response from the defendant concerning a waiver of his speedy trial rights. Implicit in its ruling of dismissal is the finding that the defendant did not waive his statutory speedy trial right. In affirming this judgment, we emphasize our recent ruling that an express waiver or other affirmative conduct evidencing such a waiver must be shown. *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225. We reject the district attorney's argument that the defendant's action in not responding when the trial court contacted him amounted to a waiver.

The district attorney also suggests that the defendant cannot raise the issue of his statutory speedy trial right because his motion for dismissal was predicated solely on the assertion of his constitutional right to a speedy trial. This argument is without merit. The issue of his statutory right was argued by counsel and was the express basis of the trial court's judgment of dismissal. Consequently, the violation of defendant's statutory right was properly at issue in the trial court and is before this court on appeal.

Judgment affirmed.

[1] Gallegos was charged with two counts of selling a narcotic drug in violation of section 12-22-302, C.R.S. 1973.