745 P.2d 1115

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Mary Ann STUART,
Defendant-Appellant.**

No. 16063.

Court of Appeals of Idaho.

Nov. 3, 1987.

Scott L. Wayman of the Law Offices of Nick Chenoweth, Orofino for defendant-appellant.

Jim Jones, Atty. Gen., D. Marc Haws, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Mary Stuart appeals her conviction for conspiracy to deliver a controlled substance. The sole issue she raises is whether there was good cause for scheduling her trial beyond the six-month limitation period of I.C. § 19-3501. We reverse the judgment of conviction.

On May 8, 1984, the state filed its information against Stuart and two co-defendants. A pretrial motion hearing was held on June 14, 1984, in which the following took place. An attorney from the public defender's office, who represented all three defendants, stated that he would be pursuing, under I.C. § 19-815A, motions to dis-

miss on behalf of Stuart and a co-defendant. A briefing schedule was arranged, and argument on the motions was set for August 9, 1984. The district judge, the defense counsel, and the prosecutor agreed to wait until these motions were resolved before setting a trial date. The district judge noted at the conclusion of the hearing that the delay in setting a trial date probably would not cause a speedy trial problem. Sometime following this hearing, the defense counsel abandoned the motions to dismiss.

The next entry in the record is the state's motion for trial setting, filed September 27, 1984. A hearing on this motion was conducted on November 8, 1984, exactly six months from the filing of the information. Neither Stuart nor any of the co-defendants was present. An attorney from the public defender's office, different from the attorney who was at the earlier hearing, was present, representing all three defendants. At this hearing, the district court scheduled trial for February 25, 1985. Apparently, some discussion was had on whether Stuart and the co-defendants would waive their rights to a speedy trial. We have not been furnished with any record of that discussion. The transcript of the hearing merely records a two sentence statement by the court showing that the cases involving Stuart and her two co-defendants were set for trial, and that "their counsel has indicated their willingness to waive speedy trial in order to set the cases in February and March of 1985." Court minutes show that defense counsel was directed to obtain signed waivers from Stuart and the co-defendants. No waivers, written or oral, were ever obtained.

On December 12, 1984, Stuart filed a motion to dismiss based upon the speedy trial provisions of I.C. § 19–3501. A hearing was held on this motion on January 10, 1985. Yet another attorney from the public defender's office represented Stuart at this hearing. The defense counsel asserted that the trial had not been delayed upon Stuart's application, and that Stuart had not waived her right to a speedy trial. He demanded that the state prove good cause for the delay. The prosecutor explained

that he had been delayed by a heavy work load and the recent change in district judges. Yet he diligently sought a trial date by filing his motion in September, well within the six-month limitation period. The district judge then asked the defense counsel if Stuart had been prejudiced by the delay. The defense counsel candidly responded that there was no prejudice and pointed out that prejudice was not required to show a speedy trial violation under I.C. § 19–3501.

The district judge determined that the reasons for delay offered by the prosecutor did not amount to good cause. The judge determined that Stuart had not explicitly waived her right to a speedy trial. However, the judge reasoned that Stuart's failure to file her brief in support of her earlier motion to dismiss, in accordance with the agreed schedule, in large part caused the delay in setting trial. Based upon this circumstance, the judge held that good cause for delay had been shown. Stuart's trial proceeded and she was convicted of conspiracy to deliver a controlled substance. She has appealed from the judgment of conviction.

■ The right to a speedy trial is guaranteed by the sixth amendment to the United States Constitution and by article 1, section 13 of the Idaho Constitution. Idaho's constitutional guarantee of a speedy trial is augmented by statutes. I.C. §§ 19–106, 19–3501. Under I.C. § 19–3501, a court must dismiss an action when a defendant is not brought to trial within six months from the date that the indictment or information is filed, "unless good cause to the contrary is shown." The burden is on the state to show good cause for the delay. *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978). If there is no good cause for the delay, or if the trial was not postponed at the defendant's request, then the charge against the accused must be dismissed and the inquiry is at an end. *State v. Dillard,* 110 Idaho 834, 718 P.2d 1272 (Ct.App.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 283, 93 L.Ed.2d 258 (1986).

■ Good cause means a substantial reason; one that affords a legal excuse. *State v. Churchill*, 82 Ariz. 375, 313 P.2d 753 (1957); *State v. Estencion*, 625 P.2d 1040 (Haw.1981). There is no fixed rule for determining good cause for delay of trial; the matter—initially at least—is left to the discretion of the trial court. *In re Rash*, 64 Idaho 521, 134 P.2d 420 (1943); *State v. Estencion, supra.* Because there is no hard and fast rule for determining "good cause," the ultimate question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. However, this does not mean that trial judges have unbridled discretion to find "good cause." We will independently review the lower court's decision. Such independent review is justified where highly important rights, like speedy trial, are at issue. This type of close appellate scrutiny of "good cause," though not expressly stated, has been conducted in fact by the Idaho appellate courts. *See State v. Hobson, supra; Olson v. State*, 92 Idaho 873, 452 P.2d 764 (1969); *State v. Dillard, supra; State v. Fairchild*, 108 Idaho 225, 697 P.2d 1239 (Ct.App.1985). The appellate courts of Arizona and Oklahoma have followed a similar approach. *See Norton v. Superior Court*, 100 Ariz. 65, 411 P.2d 170 (1966); *Pickle v. Bliss*, 418 P.2d 69 (Okla.Crim.App.1966); *Snow v. Turner*, 406 P.2d 509 (Okla.Crim. App.1965).[1]

As noted, good cause for delay was based upon Stuart's failure to pursue her earlier motion to dismiss in accordance with the agreed time schedule. The dates for briefing and argument on this motion passed without any action taken. By August 10, 1984, the day after scheduled argument, the court should have been aware that the motions were not being pursued. Thereafter, trial scheduling should have been conducted. However, not until September 27, 1984, was any action taken with

regard to setting trial. On that date the prosecutor requested that trial be set. For some reason not clear in the record, no hearing was held and no trial date was scheduled until November 8, 1984—the crucial deadline for a speedy trial.

■ The delay here was not created by Stuart. Abandoning a motion is not tantamount to good cause for delay. The reasons for delay asserted by the state were properly rejected by the district court. While we can appreciate the district court's reliance on the representation that motions would be pursued, we cannot understand why trial was not scheduled when it became clear that the motions had been abandoned. The six-month time limitation for speedy trial under I.C. § 19–3501 does not represent a whimsical time frame. It is designed to accommodate a reasonable number of pretrial motions. Stuart asserted a single motion but abandoned it. Such action is not an appropriate ground for delaying the trial beyond six months. Trial courts must be diligent in securing compliance with time restraints. It is the court's duty to arrange for trial, and mere failure to do so is not good cause for delay. *See, e.g., City of Bremerton v. Hoyt*, 44 Wash. App. 135, 721 P.2d 539 (1986). We conclude that the court erred in failing to dismiss the action.

■ We are troubled, however, by the suggestion that Stuart waived her right to a speedy trial. The conflicting, almost paradoxical, positions taken by the defense counsel on this point are disturbing. On November 8, 1984, in the absence of his clients, defense counsel indicated an apparent willingness, by Stuart and her co-defendants, to waive their right to a speedy trial. Then, on December 12, 1984, the defense counsel filed, on behalf of Stuart, a motion to dismiss for lack of a speedy

1. Even in *In Re Rash, supra*, where our Supreme Court said the predecessor of I.C. § 19–3501 "vests discretion" in the district court to initially determine whether good cause is shown, the Court held that the statute also vested discretion in the Supreme Court to make the same determination when defendant filed a pe-

tition for writ of habeas corpus with the Supreme Court following the lower court's denial of defendant's motion to dismiss. Thus, the *Rash* decision was based upon a free review of whether the reasons given by the trial court for delaying the trial amounted to "good cause."

trial.[2] We have not been provided with an explanation for this inconsistency. Nevertheless, like the district court, we are unable to find that Stuart has waived her right to a speedy trial. Waiver, in the broad sense, is defined as the voluntary relinquishment of a known right. *State v. Thurlow*, 85 Idaho 96, 375 P.2d 996 (1962). There must be expressed consent or affirmative conduct manifesting consent for waiver of a speedy trial. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983); *People v. Bell*, 669 P.2d 1381 (Colo.1983). Furthermore, every reasonable presumption against waiver must be indulged. *State v. Thurlow, supra; People v. Bell, supra.*

■ Here, the only record of a possible waiver was produced when Stuart was not present in court. The court simply noted that counsel for the three defendants was present and "has indicated their willingness to waive speedy trial." Minutes of the court show only that Stuart's counsel was directed to obtain waivers from Stuart and her co-defendants. No waivers were filed. Neither did Stuart engage in affirmative conduct manifesting consent for waiver such as occurred in *State v. Campbell, supra.* In *Campbell*, the defendant acquiesced in or consented to several delays and continuances. The situation here is similar to that in *People v. Gallegos*, 192 Colo. 450, 560 P.2d 93 (1977). In *Gallegos*, the trial date was scheduled beyond Colorado's statutory limitation period for speedy trial. The trial court consulted with defense counsel on this problem, and the filing of a speedy trial waiver was mentioned. However, no waiver was filed. In ruling upon Gallegos' motion to dismiss, the trial court found that speedy trial was not waived. This decision was affirmed on appeal.

Here, because Stuart's right to a speedy trial was not waived and because good cause for the delay of the trial was not

shown, we are constrained to reverse the judgment of conviction.

BURNETT, J., concurs.

WALTERS, Chief Judge, dissenting.

Admittedly, this case is a close one. However, I believe the district court's ruling on the motion to dismiss under I.C. § 19-3501(2) should be upheld. It appears to me that the failure to schedule a trial within six months was caused, or at least acquiesced in, by the defendant. As noted in the lead opinion, the Information was filed on May 8, 1984. At the arraignment on May 9, the court set June 14 for pretrial motions. On June 14, consistent with an oral representation made to the court, defendant's counsel filed a written motion to dismiss on the grounds of insufficient evidence at the preliminary hearing to bind the defendant over for trial (I.C. § 19-815A). In this motion, the defendant also requested preparation of a transcript of the preliminary hearing, requested oral argument on the motion and reserved the right to file a brief. Accordingly, the court ordered preparation of a transcript of the preliminary hearing by June 28. The court also ordered the defendant to file a brief in support of the I.C. § 19-815A motion by July 12 and allowed the state until July 26 to file a responsive brief. Finally, the court scheduled a hearing on the motion for August 9. In respect to a trial date, the court stated: "I don't think I'll set a trial date until following such time as a decision is rendered on the 19-815(a) [sic] motion." This latter determination seems reasonable; if the motion were granted, there would be no need for a trial date. The defendant voiced no objection to this plan.

No hearing was ever held on the defendant's motion to dismiss under I.C. § 19-815A. Nor was the motion ever decided by the trial court. In her brief on

---

**2.** We are also disturbed by the apparent waste of time and resources due to the extensive transcripts appellant has furnished to this court unnecessarily. This appeal has been burdened with four volumes of trial transcript including jury selection and closing arguments of counsel. Less than thirty pages of the 955 pages of transcript filed with this Court have any relevancy to the single issue of lack of a speedy trial. We believe that greater care and responsibility can be exercised by appellate counsel to avoid this waste of public resources.

appeal, the defendant asserts that "the motion appears to have been abandoned." However, nothing appears in the record to show that the trial court was ever alerted or notified that the motion was "abandoned" or withdrawn. All the record shows is that the motion was filed and awaited hearing until after the filing of briefs. Only after the state requested and received a trial date, and six months had expired from May 8, 1984, did the defendant assert the applicability of I.C. § 19–3501(2).

I cannot buy the defendant's position. In *State v. Campbell*, 104 Idaho 705, 710, 662 P.2d 1149, 1154 (Ct.App.1983) *(citing State v. Talmage*, 104 Idaho 249, 253, 658 P.2d 920, 924 (1983)), we said: "It is clear that where delays in bringing a defendant to trial are caused or consented to by the defendant, he is considered to have waived the right to be tried within the time fixed by statute or required by constitution." We noted that "Campbell's acquiescence in the procedure [followed by the trial court in disposing of pretrial motions filed by Campbell and a co-defendant] reasonably could be interpreted as a consensual waiver of his right to speedy trial." *Id.* I believe the same observation could be made in the instant case. The defendant filed a motion which, if successful, would have avoided the necessity of a trial. The defendant requested oral argument on the motion and reserved the right to file a brief. The court accommodated the defendant, leaving the defendant's motion pending and awaiting determination, which eventually fell well past the six-month limitation of I.C. § 19–3501(2). I would hold that the defendant's conduct reasonably could be interpreted as a consensual waiver of her statutory right to speedy trial.

Arguably, the court could have scheduled a trial date notwithstanding the pendency of the defendant's motion to dismiss, and thus have avoided the problem arising in this case. However, I think the court was entitled to assume that the defendant's motion was sincere, not spurious, and would actively be pursued. Consequently, in the management of its caseload, the court should not be faulted for reserving trial dates for other cases to be tried, absent a request for early trial setting from this defendant.

I would affirm the trial judge's order denying the motion to dismiss.