418 P.2d 377

**STATE of Arizona, Appellee,**

v.

**Sandra Elaine ROBINSON, Appellant.**

**No. 1668.**

Supreme Court of Arizona.

In Banc.

Sept. 28, 1966.

———◆———

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Claude W. Olney, Phoenix, for appellant.

LOCKWOOD, Justice.

Appellant appeals from a conviction of murder in the second degree. The only question presented on appeal is whether the trial court violated Art. 2, § 24 of the Arizona Constitution, A.R.S., which guarantees a speedy trial to those accused of crimes, and Rule 236, Rules of Criminal Procedure, 17 A.R.S., which states that a defendant in a criminal case must be brought to trial within sixty days after indictment or filing of an information except if good cause to the contrary is shown.

On May 20, 1965, an information was filed against the defendant charging her with the crime of murder in the first degree. Defendant was arraigned on May 26, 1965 and trial was set for July 2, 1965. The case rode the calendar and was brought up for trial on July 8, 1965. On that date the State asked for a continuance because the defendant was pregnant and could have been delivered of her child at any moment.

The case was reset for trial on July 19. The defendant's child was born on July 16, a Friday. On July 19, the date set for the trial, the State made a motion for a further continuance. In the attached affidavit, the affiant, Larry V. Cronin, one of the deputy county attorneys prosecuting this case for the State, stated that the defendant's doctor told him that in the interests of the child's and mother's health the case should not be tried for from ten days to two weeks after the birth of the child. The trial was continued until July 26. On that date trial was begun. At no stage in the proceedings did the defendant waive her right to have the trial commence within sixty days after the filing of the information against her.

■ Art. 2, § 24 of the Arizona Constitution guarantees the right of an accused to a speedy trial. This provision does not state a specific time in which the trial must commence. However, Rule 236, Rules of Criminal Procedure provides that the trial must begin within sixty days of the filing of the information. We have stated that this Rule implements the constitutional command. Norton v. Superior Court, 100 Ariz. 65, 411 P.2d 170 (1966); State v. Churchill, 82 Ariz. 375, 313 P.2d 753 (1957). The Rule, however, does not state that the trial must begin within sixty days after the filing of the information in every situation. The rule expressly provides that there may be a delay in the start of a trial if good cause is shown. The burden of showing that good cause exists rests on the State. Norton v. Superior Court, supra; In re Douglas, 54 Ariz. 332, 95 P.2d 560 (1939).

■ In the present case the State, on July 19, requested a continuance. It was shown that the defendant gave birth to her child on July 16, a Friday. The state showed by affidavit that the defendant's doctor said that the defendant would not be able to stand trial for from ten to fourteen day following the delivery. On July 19, defense counsel was not even able to inform the trial judge of the whereabouts of his client. He

was not certain whether she was still in the hospital or in jail.

It seemed clear to the trial judge and it does to us also that a woman is not physically able to stand trial for her life on the third day after giving birth to a child. There was thus good cause to delay the beginning of the defendant's trial beyond the sixty day period specified in Rule 236, supra.

Affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.