[Crim. No. 999.   Third Appellate District.—November 4, 1927.]

In the Matter of the Application of JAMES VENABLE for a Writ of Habeas Corpus.

H. W. McGowan for Petitioner.

Guy L. Louderback, District Attorney, for Respondent.

THE COURT.—July 7, 1927, the petitioner was tried in the justice's court on a charge of the unlawful possession of intoxicating liquor. The trial resulted in a disagreement of the jury. On the 30th of that month he was released on bail. October 3d his sureties surrendered him into custody. On the same day he moved the justice's court to dismiss the action on the ground that he had not been given a speedy trial. October 10th, on his application therefor, the supreme court issued a writ of *habeas corpus*, returnable before this court October 24th. On application of petitioner the matter was continued to Novem-

ber 3d. October 14th the petitioner was again placed on trial and was convicted of the offense charged. He was thereupon sentenced to pay a fine of $225 or, in default of payment thereof, to be imprisoned in the county jail until satisfaction of the fine at the rate of one day for each dollar of the fine. He has not paid the fine and is now imprisoned in the county jail under the judgment of conviction.

It is clear that the commitment under which the petitioner was held at the time the writ therein was issued has become *functus officio* and it need not be further considered.

The petitioner is not entitled to his release by this proceeding unless the judgment of conviction is void. The fact that a defendant has not been given a speedy trial does not affect the jurisdiction of the court. (*People* v. *Hawkins*, 127 Cal. 372, 374 [59 Pac. 697].) Whether the denial of the motion to dismiss the action constitutes ground for ʲreversal of the judgment on appeal therefrom is not a question before the court in this proceeding. It is sufficient to say that such denial is not a ground for petitioner's release on *habeas corpus* from imprisonment under the judgment. (*In re Todd,* 44 Cal. App. 496; 499 [186 Pac. 790].)

The return shows ·and the petitioner admits that from the first to the middle of September an epidemic of infantile paralysis· was prevalent in the town wherein the sessions of the justice's court were held and that for that reason no juries were called during that period. In the case of *In re Begerow,* 133 Cal. 349, 352 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828], relied on by petitioner, it is said: "It is sufficient for the defendant, in order to make out his case upon a motion for a dismissal in the trial ·court, to show that he has been detained without a trial for more than sixty days. Upon such showing the court should dismiss the case, unless good cause for detaining the defendant and for continuing the prosecution is shown on behalf of the people." It cannot be said that the prevalence of the epidemic, which commenced within the period of sixty days after the first trial, did not constitute good cause for continuing the trial to a day beyond the sixty-day period. "The writ will be denied. . . If, on the

conceded facts in evidence, a reasonable deduction therefrom would support the action of the trial court in denying the motion.'' (8 Cal. Jur. 209; *Matter of Ford,* 160 Cal. 334, 349 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757].) ▮ The case was set to be tried October 6th, and was on that day continued, by agreement of counsel, to October 14th, on which day it was tried. It cannot be held, therefore, that there was an unreasonable delay in bringing the case to trial after the cessation of the epidemic.

The writ is discharged and the petitioner is remanded to the custody of the sheriff.