Filed 6/9/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

RODRIC DETWON STANLEY,

      Petitioner,

v.

THE SUPERIOR COURT OF
CONTRA COSTA COUNTY,

      Respondent;

THE PEOPLE,

      Real Party in Interest.

A160151

(Contra Costa County
Super. Ct. No. 5-190571-0)

---

In response to the COVID-19 global pandemic, the Governor of California and the Chief Justice of the California Supreme Court issued a series of orders that permit the extension of the time within which state criminal trials must commence.  In this writ proceeding, defendant Rodric Stanley argues that these orders are unauthorized by statute and offend separation of powers principles.  While we doubt that the orders are unlawful, we need not engage in an extended analysis of defendant's contentions because the severity of the COVID-19 pandemic and the impact it has had within this state independently support the trial court's finding of good cause to continue defendant's trial under Penal Code section 1382.

**BACKGROUND**

In March 2019, the People filed an information charging defendant with four felony counts of sexual intercourse or sodomy with a child 10 years

old or younger in violation of Penal Code section 288.7, subdivision (a); and one count of detention of a minor by a person with a right to custody or visitation in violation of Penal Code section 278.5. The People further alleged enhancements for a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)), a prior serious and violent felony conviction (Pen. Code, § 667, subds. (d) & (e), and § 1170.12, subds. (b) & (c)), and a prior prison term conviction (Pen. Code, § 667.5, subd. (b).)

A jury trial commenced on August 15, 2019. However, the trial court declared a mistrial on August 19, 2019, due to the People's late disclosure of discovery. The trial court set a new trial for April 20, 2020, and defendant waived his statutory right to a speedy trial until that date. Pursuant to the 10-day grace period in Penal Code section 1382, subdivision (a)(2)(B), the last day for defendant's trial was April 30, 2020.

On March 4, 2020, Governor Gavin Newsom declared a state of emergency in response to the global outbreak of COVID-19, a "new disease, caused by a novel (or new) coronavirus that has not previously been seen in humans." (Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Frequently Asked Questions <https://www.cdc.gov/coronavirus/2019-ncov/faq.html> [as of June 9, 2020].) On March 16, 2020, the Health Officer of Contra Costa County issued a "shelter in place" order requiring residents of the county to remain in their homes except when engaging in essential activities, and to stay at least six feet apart from other persons when leaving their homes. Three days later, the Governor issued an executive order requiring all Californians to stay at home except for limited activities.

On March 23, 2020, Chief Justice Tani Cantil-Sakauye, in her capacity as Chairperson of the Judicial Council, issued an emergency statewide order

pursuant to Government Code section 68115 suspending all jury trials and continuing them for a period of 60 days. The Chief Justice also extended by 60 days the time period provided for in Penal Code section 1382 for holding a criminal trial. In so ordering, the Chief Justice explained: "The [Center for Disease Control], the California Department of Public Health, and local county health departments have recommended increasingly stringent social distancing measures of at least six feet between people, and encouraged vulnerable individuals to avoid public spaces. [¶] Courts cannot comply with these health restrictions and continue to operate as they have in the past. Court proceedings require gatherings of court staff, litigants, attorneys, witnesses, and juries, well in excess of the numbers allowed for gathering under current executive and health orders. Many court facilities in California are ill-equipped to effectively allow the social distancing and other public health requirements required to protect people involved in court proceedings and prevent the further spread of COVID-19. Even if court facilities could allow for sufficient social distancing, the closure of schools means that many court employees, litigants, witnesses, and potential jurors cannot leave their homes to attend court proceedings because they must stay home to supervise their children. These restrictions have also made it nearly impossible for courts to assemble juries."

On March 27, 2020, the Governor issued Executive Order N-38-20. The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt.

On March 30, 2020, the Chief Justice issued a second statewide emergency order, authorizing superior courts to issue implementation orders

3

that "[e]xtend the time period provided in section 1382 of the Penal Code for the holding of a criminal trial by no more than 60 days from the last date on which the statutory deadline otherwise would have expired." In response, the presiding judge of the Contra Costa County Superior Court issued an implementation order extending the time period provided in Penal Code section 1382 for the holding of a criminal trial by no more than 60 days.

On April 29, 2020, the Chief Justice issued a third statewide emergency order, stating: "The 60-day continuance of criminal jury trials and the 60-day extension of time in which to conduct a criminal trial under Penal Code section 1382, both of which I first authorized in my order of March 23, 2020 are to be extended an additional 30 days. The total extension of 90 days shall be calculated from the last date on which the trial initially could have been conducted under Penal Code section 1382."

On May 4, 2020, defendant filed a motion to dismiss, arguing the extension of his trial date violated his right to a speedy trial. The trial court denied the motion. The court explained that the Chief Justice's orders were "lawful and valid extensions under the states of emergency and public health crisis." In addition, the court determined there was good cause under Penal Code section 1382, subdivision (a) to extend the trial date. The court set defendant's jury trial for July 13, 2020, and stated the last day for the start of trial under Penal Code section 1382 is July 29, 2020.

Defendant has challenged the trial court's order by filing a petition for writ of mandate and prohibition with this court. We requested and received a preliminary opposition from the Attorney General and a reply from defendant.

## DISCUSSION

Defendant's principal argument is that the Governor's executive order and the Chief Justice's statewide emergency orders, which effectively continued the statutory last day for defendant's trial by 90 days, are unauthorized by statute and violate separation of powers principles. Although we question the merit of his contentions,[1] this petition may be resolved on a much simpler basis.

Penal Code section 1382 provides that an action shall be dismissed if trial is not commenced within the statutory time limits "unless good cause to the contrary is shown." (Pen. Code, § 1382, subd. (a).) "The cases recognize that, as a general matter, a trial court 'has broad discretion to determine whether good cause exists to grant a continuance of the trial' [citation], and that, in reviewing a trial court's good-cause determination, an appellate court applies an 'abuse of discretion' standard." (*People v. Sutton* (2010) 48 Cal.4th 533, 546.) "[I]n making its good-cause determination, a trial court must consider all of the relevant circumstances of the particular case, 'applying principles of common sense to the totality of circumstances.'" (*Id.* at p. 546.)

---

[1] The Governor's executive order cites various provisions of the Emergency Services Act (Gov. Code, § 8550 et seq.), including Government Code section 8627. Government Code section 8627 broadly vests the Governor during a state of emergency with "complete authority over all agencies of the state government" and authorizes the Governor to "promulgate, issue, and enforce such orders and regulations as he deems necessary."

Government Code section 68115 vests the Chief Justice with authority to amend various court procedures in emergency situations, including an "epidemic." The statute authorizes the Chief Justice to "[e]xtend the time period provided in Section 1382 of the Penal Code within which the trial must be held by not more than 30 days." (Gov. Code, § 68115, subd. (a)(10).) The Governor's March 27, 2020 executive order suspended any limitations in Government Code section 68115.

Health quarantines to prevent the spread of infectious diseases have long been recognized as good cause for continuing a trial date. In *In re Venable* (1927) 86 Cal.App. 585, the appellate court upheld the continuation of trial beyond the statutory limit when from the "first to the middle of September," an "epidemic of infantile paralysis was prevalent in the town wherein the sessions of the justice's court were held, and for that reason no juries were called during that period." (*Id.* at p. 587.) More recently, in *People v. Tucker* (2011) 196 Cal.App.4th 1313, the court upheld a one-week delay to commence a trial when the defendant was in custody at a correctional facility that was under quarantine because a prisoner had contracted the H1N1 flu virus. (*Id.* at pp. 1315, 1318.) "A contrary holding would require trial court personnel, jurors, and witnesses to be exposed to debilitating and perhaps life threatening illness. Public health concerns trump the right to a speedy trial." (*Id* at p. 1314.)

Although the 90-day continuance here is far longer than the continuances in *Venable* and *Tucker,* the COVID-19 pandemic is of such severity as to justify a continuance of this length. Despite state and local shelter-in-place orders throughout the country, including in California and Contra Costa County, according to the Center for Disease Control there have been almost two million cases of COVID-19 in the country and over 110,000 deaths caused by the virus. California itself has seen nearly 130,000 cases and over 4,600 deaths. (Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Cases in the U.S. <https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html> [as of June 9, 2020].) As the Chief Justice explained in her most recent emergency order: "[C]ourts are clearly places of high risk during this pandemic because they require gatherings of judicial officers, court staff,

6

litigants, attorneys, witnesses, defendants, law enforcement, and juries—well in excess of the numbers allowed for gathering under current executive and health orders." Under these circumstances, the trial court unquestionably was justified in finding that the COVID-19 pandemic constitutes good cause to continue defendant's trial until July 13, 2020, with a statutory deadline of July 29. Given the grave risks to court personnel, jurors, attorneys, and the defendant himself that would be created by proceeding in accordance with the normal timeline, any other conclusion would have been unreasonable in the extreme. While we acknowledge the unfortunate hardship to the defendant from this delay, neither the prosecution nor the court are responsible for the emergency that has overwhelmed the nation and much of the world, and at this time, "[p]ublic health concerns trump the right to a speedy trial." (*People v. Tucker, supra*, 196 Cal.App.4th at p. 1314.)

We reject defendant's contention that the continuance has violated his constitutional right to access the courts and to due process. (U.S. Const., 1st Amend.; Cal. Const., art. I, § 3.) Defendant has not been denied access to the courts, as reflected by the very consideration of his speedy trial motion. His trial has only been continued, as necessitated by the current public health crisis. And his due process rights have not been violated due to his prolonged pretrial detention during the pandemic. The government "may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt." (*Bell v. Wolfish* (1979) 441 U.S. 520, 534.) We note that defendant has not alleged that the conditions of his confinement pose a particular health risk to him that would raise constitutional issues.

## DISPOSITION

The petition for writ of mandate and prohibition is denied.

7

_____
POLLAK, P. J.

WE CONCUR:


_____
TUCHER, J.


_____
BROWN, J.


A160151

8

| | |
|---|---|
| Trial Court: | Contra Costa County Superior Court |
| Trial judge: | Honorable Anita L. Santos |
| Counsel for petitioner: | Robin Lipetzky, Public Defender<br>Diana Garrido, Nicolas Billings, and<br>Brandon Li, Deputy Public Defenders |
| Counsel for respondent: | No appearance |
| Counsel for real parties in interest: | Xavier Becerra<br>Attorney General of California<br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br>Seth K. Schalit<br>Supervising Deputy Attorney General<br>Catherine A. Rivlin<br>Supervising Deputy Attorney General |

A160151