Filed 6/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DYJUAN BULLOCK, <br>    Petitioner, <br> v. <br> THE SUPERIOR COURT OF CONTRA COSTA COUNTY, <br>    Respondent; <br> THE PEOPLE, <br>    Real Party in Interest. | A160153 <br><br> (Contra Costa County <br> Super. Ct. Nos. 4-199189-2, 5-200531-2, & 5-200547-8) |

On March 13, 2020, as the COVID-19 pandemic took hold in California, respondent Superior Court of Contra Costa County (Superior Court) announced it would be closed to the public between March 16 and April 1 and ceased conducting most, but not all, proceedings. Petitioner Dyjuan Bullock (Petitioner) contends his custodial preliminary hearing should have occurred during the March closure period under Penal Code section 859b.[1]

We hold, among other things, that this writ petition challenging the failure to provide a timely preliminary hearing is properly brought under section 871.6. Substantively, we conclude that good cause to delay the hearing was not established: the Superior Court's finding that "the

---

[1] All undesignated statutory references are to the Penal Code. We use the terms "preliminary hearing" and "preliminary examination" interchangeably. Section 859b is discussed in detail in Part I.B., *post*.

unprecedented [COVID-19] pandemic conditions that California was facing directly impacted the court[] operations" is insufficient. In the absence of a particularized showing of a nexus between the pandemic and the Superior Court's purported inability to conduct Petitioner's preliminary hearing in a timely fashion, the Superior Court abused its discretion in finding no violation of section 859b.[2] Nonetheless, because Petitioner recently pled no contest to one of the charges against him pursuant to a negotiated disposition, we dismiss his petition for writ of mandate.[3]

---

[2] On June 9, 2020, Division Four of this District denied a petition for writ of mandate filed by a defendant claiming violation of his statutory speedy trial rights under section 1382. (*Stanley v. Superior Court* (June 9, 2020, A160151) ___ Cal.App.5th ___ [2020 Cal.App.Lexis 506] (*Stanley*).) Division Four concluded the COVID-19 pandemic provided good cause to continue the defendant's trial. As explained later in this decision (Part IV.C., *post*), in the context of this case, preliminary hearings present different considerations in the good cause analysis.

[3] On June 15, 2020, Petitioner pled guilty to one felony count of pimping in violation of Penal Code section 266h, subdivision (a). Nevertheless, Petitioner urges this court to address the issues raised in his petition. While the People have corresponded with the court about the plea, the People have not requested summary dismissal of the petition as moot. Because the important issues in the present case are "likely to recur but evade review," we exercise our discretion to decide the petition on the merits. (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 723, fn. 2 (*Ramos*); see also *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1 ["We have discretion to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review."]; *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212, 1219 [" ' "[p]retrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted" ' "]; *In re Walters* (1975) 15 Cal.3d 738, 744 ["Where questions of general public concern are involved, particularly in the area of the supervision of the administration of criminal justice, we may reject mootness as a bar to a decision on the merits."].)

BACKGROUND

On March 3, 2020, Petitioner was charged by complaint in the underlying criminal action (docket no. 04-199189-2) with one count of human trafficking (§ 236.1, subd. (b)) and two counts of pimping (§ 266h, subd. (a)). Arraignment on the complaint occurred on March 4. Petitioner pled not guilty to all charges, and he did not waive section 859b's 10-court-day timeframe for a preliminary hearing. The preliminary hearing was scheduled for March 16. March 18 was the tenth court day following the arraignment and plea.

On March 4, 2020, pursuant to Government Code section 8625, California Governor Gavin Newsom declared a state of emergency due to the global COVID-19 outbreak.[4] On March 10, the Board of Supervisors of Contra Costa County declared a state of emergency.[5] On March 11, the World Health Organization declared COVID-19 a pandemic.[6]

On March 13, 2020, the Superior Court's Public Information Office announced that, due to "the unique and continuing public safety challenge presented by the coronavirus (COVID-19) and the numerous public health orders suggesting or requiring that public gatherings be limited," the

[4] <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf> (as of June 23, 2020). We take judicial notice of the various official acts referenced in this decision. (Evid. Code, § 452, subd. (c).)

[5] <https://www.contracosta.ca.gov/DocumentCenter/View/64413/Contra-Costa-County-Issues-Proclamation-of-Emergency-News-Release-3102020> (as of June 23, 2020).

[6] <https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020> (as of June 23, 2020).

3

Superior Court would be "closed at all locations for approximately two weeks," from March 16 until April 1. The release continued, "The Court appreciates the careful balance that must be maintained between the timely administration of justice and the protection of public health and safety. At the Court's request and as permitted under Government Code section 68115, the Chief Justice . . . has issued an emergency order providing that, at least until April 1, 2020, the court closure will have the effect of being a public holiday as far as statutory or other timelines are concerned." The release specified that in-custody arraignments would be handled in Martinez but "all courthouses are closed to the public" (except counsel at arraignments) and any hearings scheduled during the closure period "will be reset to a later date." The release closed with the statement, "Importantly, this closure is not in response to a specific notice of exposure at any Court facility or to any Court staff. Instead, it is in an abundance of caution to help limit the spread of the virus and the potential for future exposure."

The referred-to order from the Chief Justice of California, Tani G. Cantil-Sakauye, acting in her capacity as Chairperson of the Judicial Council, was also issued on March 13, 2020, "[u]pon the request of [Superior Court] Presiding Judge Barry Baskin." The order provided the Superior Court a number of accommodations due to "the COVID-19 pandemic." Among many other things, the order "declare[d]" that March 16 through April 1 "be deemed holidays for purposes of computing time" under specific sections of the Code of Civil Procedure, the Penal Code, and the Welfare and Institutions Code. Significantly, section 859b was not among the listed provisions. (This order is discussed further in Part IV.A., *post*.) As to that statute, the order extended "the time period provided in section 859b of the Penal Code for the holding of a preliminary examination from 10 court days

4

to not more than 15 court days, applicable only to cases in which the statutory deadline otherwise would expire from March 16, 2020, to April 1, 2020, inclusive (Gov. Code, § 68115(a)(9))."

On March 16, 2020, the Superior Court issued an order implementing the Chief Justice's order, using essentially identical operative language. The order also declared, "The single department the Court now maintains to handle urgent issues such as in-custody arraignments shall also handle any felony or misdemeanor cases in which sentencing must occur during the period of closure."

Also on March 16, 2020, the Health Officer of the County of Contra Costa issued a "shelter-in-place" order.[7] On March 19, Governor Newsom issued Executive Order N-33-20, directing all Californians to stay at home, with no end date.[8] Courts are essential government functions, and court staff are exempt from the county and state orders.

The preliminary hearing in Petitioner's case did not take place on March 16, 2020 or by March 18, which was ten court days after Petitioner's arraignment and plea.

On March 20, 2020, the Chief Justice sent an "advisory" to the state's superior courts "to provide guidance on ways that might mitigate some of the health risks to judicial officers, court staff, and court users" during the

---

[7] <https://cchealth.org/coronavirus/pdf/HO-COVID19-SIP-0316-2020.pdf> (as of June 23, 2020).

[8] <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-EO-N-33-20-COVID-19-HEALTH-ORDER-03.19.2020-signed.pdf> (as of June 23, 2020).

COVID-19 pandemic.[9]  The advisory noted that the Governor's shelter in place order was "not meant to close our courts" because the courts are "considered as an essential service."  The Chief Justice continued, "I recognize, however, that this new adjustment to health guidelines and direction likely may require further temporary adjustment or suspension of certain court operations, keeping in mind, as we all are, that we are balancing constitutional rights of due process with the safety and health of all court users and employees."  The Chief Justice "strongly encourage[d]" superior courts to consider specified measures that could "be taken immediately to protect constitutional and due process rights of court users."  Among the recommended measures was to "[p]rioritize arraignments *and preliminary hearings for in-custody defendants*, and the issuance of restraining orders."  (Emphasis added.)

The preliminary hearing in Petitioner's case did not take place by March 25, which was fifteen court days after Petitioner's arraignment and plea.  On March 30, Petitioner filed a motion to dismiss the complaint under section 859b, or in the alternative, if the court found good cause for the continuance, to release him on his own recognizance (docket no. 5-200531-2).

Also on March 30, 2020, the Chief Justice issued a statewide emergency order that, among many other things, authorized superior courts to "[e]xtend the time period provided in section 859b of the Penal Code for the holding of a preliminary examination and the defendant's right to release from 10 court days to not more than 30 court days."[10]  On the same date, the Chief Justice

---

[9] <https://newsroom.courts.ca.gov/news/california-chief-justice-issues-second-advisory-on-emergency-relief-measures> (as of June 23, 2020).

[10] Although Government Code section 68115 limits extensions of the section 859b time period "to not more than 15 court days," the Chief Justice's

6

issued a second Contra Costa-specific order authorizing the Superior Court to, among many other things, "[e]xtend the time period provided in section 859b of the Penal Code for the holding of a preliminary examination from 10 court days to not more than 15 court days, applicable only to cases in which the statutory deadline otherwise would expire from April 1, 2020, to April 28, 2020," pursuant to Government Code section 68115, subd. (a)(9). On April 1, the Superior Court issued an order implementing the Contra Costa-specific order, and on April 2 the Superior Court issued an order implementing the statewide order. It appears that, in effect, the April 2 order superseded the April 1 order as relates to section 859b by extending the time period to 30 court days.

On April 2, 2020, Petitioner's motion to dismiss or release was heard by Judge David E. Goldstein, acting in the capacity of a magistrate. The magistrate denied Petitioner's motion, reasoning that the Chief Justice's March 30 statewide emergency order extending time for preliminary hearings to 30 court days was retroactive. Petitioner's preliminary hearing was set for April 9. The parties agree the Superior Court had resumed conducting preliminary hearings on March 30. According to the magistrate, as of the April 2 hearing, the Superior Court was conducting preliminary hearings on a daily basis.

March 30, 2020 order observed that "Governor Newsom, also responding to the crisis, on March 27, 2020, issued Executive Order N-38-20, which among other things, suspends Government Code section 68115 and any other provision of law to the extent that those laws impose or imply a limitation on my authority to authorize via emergency order or statewide rule, any court to take any action I deem necessary to maintain the safe and orderly operation of the courts." The validity of the 30-day extension in the March 30 order is not at issue in the present proceeding.

On April 7, 2020, Petitioner filed a petition for writ of mandate in the Superior Court challenging the magistrate's denial of his motion for dismissal or release on his own recognizance.[11]  On April 9, the Superior Court ordered the People, the real party in interest, to show cause why the relief should not be granted.  On that same date, the Superior Court conducted a preliminary examination in Petitioner's case and held Petitioner to answer on the charges in the complaint.  The Superior Court approved Petitioner's release with electronic monitoring, but Petitioner did not qualify for the monitoring program and remained in custody.  On April 13, the People filed a felony information (docket no. 5-200547-8).

On April 28, 2020, the Honorable Anita L. Santos issued a decision denying the petition for writ of mandate.  Judge Santos agreed with Petitioner that the Chief Justice's March 30 statewide emergency order and the corresponding implementation order were prospective and inapplicable to Petitioner's case.  Nevertheless, Judge Santos concluded that section 859b's remedies were not available to Petitioner because a preliminary hearing had already taken place and, also, there had been good cause to continue Petitioner's preliminary hearing.  On the latter issue, Judge Santos found "the unprecedented pandemic conditions that California was facing directly impacted the court's operations creating such good cause."

On May 14, 2020, Petitioner filed the present petition for writ of mandate, challenging the Superior Court's denial of his mandate petition based on section 859b.  We notified the parties that we might direct issuance

---

[11] Because we hold there was no good cause to continue the preliminary examination beyond 15 court days after the arraignment and plea, we need not and do not consider whether Petitioner would have been entitled to release on his own recognizance under section 859b (and under what conditions) if there *had* been good cause.

of a peremptory writ in the first instance, and we requested and received an opposition from the People and a reply from Petitioner.

DISCUSSION

I.    *The Preliminary Examination and Section 859b*

    A.    *The Preliminary Examination*

Article I, section 14 of the California Constitution authorizes prosecution of a felony by information "after examination and commitment by a magistrate."  Under that provision, before an information is filed there must be a preliminary examination of the case and an order holding the defendant to answer.  (*People v. Casillas* (2001) 92 Cal.App.4th 171, 179.)

The function of the preliminary examination is "to determine whether probable cause exists to believe that the defendant has committed a felony and should be held for trial."  (*Correa v. Superior Court* (2002) 27 Cal.4th 444, 452 (*Correa*); see also § 866, subd. (b).)  Prior to passage of Proposition 115 in June 1990, California courts had an "expansive concept of the preliminary hearing as a discovery and trial preparation device, allowing counsel the opportunity to 'fashion' their impeachment tools for use in cross-examination at trial, to preserve testimony favorable to the defense, and to provide the defense 'with valuable information about the case against the accused, enhancing its ability to evaluate the desirability of entering a plea or to prepare for trial.' "  (*Whitman v. Superior Court* (1991) 54 Cal.3d 1063, 1067, 1081; see also *Correa*, at p. 451.)

Consistent with a more limited function of the preliminary hearing, Proposition 115 amended the California Constitution to allow the admission of hearsay at preliminary hearings, "as prescribed by the Legislature or by the people through the initiative process."  (Cal. Const., art. I, § 30, subd. (b); *Correa, supra,* 27 Cal.4th at p. 451.)  The measure also added section 872,

9

subdivision (b), stating that "the finding of probable cause may be based in whole or in part upon the sworn testimony of a [qualified] law enforcement officer . . . relating the statements of declarants made out of court offered for the truth of the matter asserted." (§ 872, subd. (b).) The intent of Proposition 115 was "to relieve crime victims and witnesses of the obligation to testify at the preliminary hearing . . . . [T]he testifying officer who is relating an out-of-court statement must have 'sufficient knowledge of the crime or the circumstances under which the out-of-court statement was made so as to meaningfully assist the magistrate in assessing the reliability of the statement.' " (*Correa*, at p. 452.) Section 866 also permits a defendant to present witness testimony at preliminary hearings, where the testimony "would be reasonably likely to establish an affirmative defense, negate an element of a crime charged, or impeach the testimony of a prosecution witness or the statement of a declarant testified to by a prosecution witness."

Although Proposition 115 limited the scope of the preliminary hearing, it continues to be true that " '[t]he preliminary examination is not merely a pretrial hearing.' [Citation.] 'Rather, it is a proceeding designed to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of a criminal trial.' [Citations.] To fulfill this function, the defendant is permitted at the preliminary hearing, if he chooses, to dispute the charges, confront witnesses, challenge the prosecution's evidence, and present evidence in his defense. [Citation.] These procedural guarantees serve to implement the defendant's due process right to a pretrial determination of probable cause." (*People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754, 759; accord *People v. Rogers* (2016) 245 Cal.App.4th 1353, 1361.) "Preliminary hearings thus serve to protect both the liberty interest of the accused and the judicial system's and society's

10

interest in fairness and the expeditious dismissal of groundless or unsupported charges, thereby avoiding a waste of scarce public resources." (*Bridgeforth v. Superior Court* (2013) 214 Cal.App.4th 1074, 1087.) The preliminary examination "operate[s] as a judicial check on the exercise of prosecutorial discretion" (*Mendella*, at p. 759; accord *Rogers*, at p. 1361–1362) and facilitates fairness in plea bargaining and the setting of bail (*People v. McGowan* (2015) 242 Cal.App.4th 377, 389).[12]

B.     *Section 859b*

"Section 859b provides that a criminal defendant has a right to a preliminary hearing within 10 court days of the arraignment or plea, unless the parties waive this right or the court finds good cause to continue the preliminary hearing under section 1050." (*People v. Clark* (2016) 63 Cal.4th 522, 551 (*Clark*).) Under section 859b, when a defendant is in custody only on that felony complaint and the preliminary hearing is set or continued beyond the 10-court-day timeframe, "the magistrate shall dismiss the complaint" unless the defendant waives the requirement or the prosecution shows good cause for a continuance.

"Section 859b governs the timing of a defendant's preliminary hearing and establishes the statutory right, of both the People and the defendant, to a preliminary hearing at the earliest possible time." (*Ramos, supra,* 146 Cal.App.4th at pp. 727–728.) "Generally, section 859b has three

---

[12] We recognize that a defendant held in custody has had the benefit of an early judicial determination of probable cause, either prior to the issuance of a warrant or following arrest pursuant to *Gerstein v. Pugh* (1975) 420 U.S. 103 and *County of Riverside v. McLaughlin* (1991) 500 U.S. 44. (See *Riverside*, at p. 56 [states must, following warrantless arrests, provide "judicial determinations of probable cause within 48 hours of arrest" in order to comply with the Fourth Amendment].) But that determination may be made in a "nonadversary proceeding on hearsay and written testimony." (*Gerstein*, at p. 120.)

components—or . . . 'three rights associated with the timing of a preliminary examination.' First, the defendant and the People have a right to a preliminary examination 'at the earliest possible time,' with the presumptive outside period (absent waiver or good cause for continuance) being '10 court days of the date the defendant is arraigned or pleads, whichever occurs later.' [Citations.] . . . Second, when the defendant is in custody and the preliminary hearing is set or continued beyond 10 court days after the arraignment, plea, or reinstatement of criminal proceedings under section 1367 et seq., 'the magistrate shall dismiss the complaint' unless the defendant personally waives the 10-court-day requirement, or the People show good cause for a continuance beyond that period. [Citations.] . . . Third, as an outside time limit, regardless of whether the defendant is in custody, '[t]he magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings,' absent defendant's personal waiver of this 60-day period." (*People v. Figueroa* (2017) 11 Cal.App.5th 665, 674, italics omitted; see also *Ramos*, at p. 728.)[13]

---

[13] Section 859b provides, "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination . . . . [¶] Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated . . . . [¶] Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is

Section 859b also provides for release of a defendant on his own recognizance under section 1318, subject to exceptions, "[i]f the preliminary examination is set or continued [for good cause] beyond the 10-court-day period."

The 10-court-day rule in section 859b " 'manifest[s] a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom.' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 11–12; accord *People v.*

---

set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . ., and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. [¶] For purposes of this subdivision, 'good cause' includes, but is not limited to, those cases involving allegations that a violation of one or more of the sections specified in subdivision (a) of Section 11165.1 or in Section 11165.6 has occurred and the prosecuting attorney assigned to the case has another trial, preliminary hearing, or motion to suppress in progress in that court or another court. Any continuance under this paragraph shall be limited to a maximum of three additional court days. [¶] If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless: [¶] (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period. [¶] (2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great. [¶] (3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant. [¶] (4) The illness of counsel. [¶] (5) The unexpected engagement of counsel in a jury trial. [¶] (6) Unforeseen conflicts of interest which require appointment of new counsel. [¶] The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . ., unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

*Standish* (2006) 38 Cal.4th 858, 870 (*Standish*); *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 648 (*Garcia*).) "The language of section 859b is 'plain and mandatory' and creates an 'absolute right in favor of persons in custody charged with felonies to have the preliminary examination commenced within 10 court days . . . .' " (*Landrum*, at p. 6; accord *Garcia*, at p. 645.) "Accordingly, 'the magistrate is *required* to dismiss the complaint if the court fails to adhere to the mandatory 10-court-day rule for incarcerated defendants or the 60-day rule for all defendants.' " (*Garcia*, at p. 645.)

II.     *Writ Relief is Appropriate*

The People contend writ relief is inappropriate because section 995 is "the appropriate procedure for deciding whether to dismiss." Section 995, subdivision (a), provides that an information shall be set aside on a defendant's motion if "before the filing thereof the defendant had not been legally committed by a magistrate" or if "the defendant had been committed without reasonable or probable cause."

Petitioner *could have* sought dismissal via a section 995 motion to dismiss. The court of appeal in *Ramos*, *supra*, 146 Cal.App.4th at page 737, observed that "a defendant often challenges an alleged violation of section 859b after the preliminary hearing has been held by filing a motion to dismiss the information under section 995." However, in *Ramos*, as in the present case, the defendant moved for dismissal under section 859b, sought writ relief from denial of the motion in the superior court, and then sought appellate review, without bringing a section 995 motion. (*Ramos*, at pp. 724–726; see also *Garcia*, *supra*, 47 Cal.App.5th at pp. 636–637, 642–643 [writ petition challenging denial of motion to dismiss under section 859b].)

Moreover, section 871.6 specifically authorizes a petition for writ of mandate/prohibition in the superior court "[i]f in a felony case the magistrate

14

sets the preliminary examination beyond the time specified in Section 859b, in violation of Section 859b, or continues the preliminary hearing without good cause and good cause is required by law for such a continuance." The statute also contemplates that the parties may "seek review in a court of appeal" after the superior court rules. (§ 871.6.)

In the present case, Petitioner properly filed a petition for writ of mandate in the Superior Court and then in this court, seeking dismissal of the complaint.

III.   *Dismissal is the Appropriate Remedy for a Violation of Section 859b Even if the Preliminary Examination Subsequently Occurs*

The preliminary hearing in Petitioner's case took place on April 9, 2020, and the People contend that dismissal is not required under section 859b where the preliminary examination has occurred.

A similar argument was rejected by the court of appeal in *Ramos*, *supra*, 146 Cal.App.4th 719. The court there addressed the 60-day limit in section 859b. The defendant's preliminary hearing was continued outside the 60-day period at the request of co-defendants and without the defendant's waiver of the 60-day limit. (*Ramos*, at p. 722.) As relevant in the present case, *Ramos* held that, "[a]lthough [the defendant's] preliminary hearing took place during the pendency of this writ proceeding and she was held to answer . . ., nothing in section 859b precludes imposition of its dismissal sanction once a preliminary hearing has already been conducted." (*Ramos*, at pp. 736–737.)

The Superior Court concluded the reasoning of *Ramos* is inapplicable because this case involves the 10-court-day limit (extended to 15 court days by the Chief Justice), which is subject to a good cause exception, while the

15

60-day limit is not. But *Ramos'* reasoning is not confined to the mandatory dismissal provision. Instead, *Ramos* broadly concluded that nothing in the language of section 859b suggested conducting the preliminary hearing would render the dismissal sanction inapplicable.

The People contend the 10-court-day and 60-day rules in section 859b are different in this respect, arguing "The purpose of the sixty-day rule is to prevent delay, mandating dismissal regardless of custodial status or cause for the delay," while "[t]he ten-court day rule is designed to prevent the People from requesting a continuance that causes unnecessary custodial delay before [a] probable cause determination, by requiring release of the defendant from custody until the preliminary hearing." But the purpose of *both* rules is to assure a speedy preliminary hearing, and both rules mandate dismissal as sanction for breach. While the 10-court-day rule includes a good cause exception, that does not mean a violation of the rule (i.e., a continuance without good cause) is less serious than a violation of the 60-day rule and, thus, justifies only a lesser sanction. This is especially true given that the 10-court-day rule applies to defendants in custody in particular need of a prompt judicial determination of probable cause. In any event, nothing in the language of section 859b supports the People's position, given that both rules provide that "the magistrate shall dismiss the complaint" in the specified circumstances.

In sum, if there was no good cause to continue Petitioner's preliminary examination past March 25, 2020, dismissal of the complaint is required due to violation of the 10-court-day (extended to 15-court-day) rule in section 859b.

IV.     *The Superior Court Abused Its Discretion in Finding Good Cause*

As noted previously, a preliminary hearing for a custodial defendant may be extended beyond the ten court days in section 859b (extended to 15 court days under Government Code section 68115) if the trial court finds good cause to continue under section 1050.  (§ 859b.)  "Under section 1050, a 'trial court has broad discretion to determine whether good cause exists,' and we review its decision on the motion for abuse of discretion."  (*Clark*, *supra*, 63 Cal.4th at p. 551.)  "In making its good-cause determination, a trial court must consider all of the relevant circumstances of the particular case, 'applying principles of common sense to the totality of [the] circumstances. . . .' "  (*People v. Sutton* (2010) 48 Cal.4th 533, 546.)

A.     *Additional Background*

There is no dispute that Petitioner remained in custody solely on the underlying complaint for more than the extended 15-court-day period without receiving a preliminary hearing.  Accordingly, section 859b requires dismissal unless the People established good cause for a continuance.

We observe that the People made no request for a continuance of the preliminary examination beyond March 18, 2020 (10 court days following the arraignment and plea) or March 25 (15 court days following the arraignment and plea), as contemplated by section 1050, subdivision (b).  The preliminary hearing was scheduled for March 16, and the People do not dispute Petitioner's allegation that the hearing did not take place because "the courthouse where petitioner's preliminary hearing was scheduled to take place was closed.  A single department remained open to handle only urgent issues such as in-custody arraignments or cases in which sentencing must occur during the court closure period."

17

In his writ briefing below, Petitioner argued "The failure to hold preliminary hearings . . . was apparently based on [the Superior Court's] mistaken belief that Government Code section 68115 deemed the court closure dates 'holidays' for the purpose of calculating time to hold a preliminary hearing pursuant to section 859b."  In support of that assertion, Petitioner submitted a declaration from a deputy public defender who averred that, following the March 16 closure, several judges of the Superior Court calculated the tenth court day after arraignment by "excluding the court closure dates as holidays over defense objection."  For example, at a March 16 hearing in a different criminal matter,[14] the judge stated in response to defense counsel's objection to setting a preliminary hearing on April 13 that "[t]he dates between now and April 1 are deemed to be court holidays . . ., so I think we properly calculated the date."  That was consistent with the language in the Superior Court's March 13 closure order stating, "the court closure will have the effect of being a public holiday as far as statutory or other timelines are concerned."  The People do not dispute that was the Superior Court's understanding.

The Superior Court was clearly mistaken in believing the Chief Justice's March 13, 2020 order authorized it to treat the days of the closure period as court holidays for purposes of section 859b.  Mirroring Government Code section 68115, subdivisions (a)(4) and (a)(5), the order "declare[d]" that March 16 through April 1 "be deemed holidays for purposes of computing the time" under specific sections of the Code of Civil Procedure, the Penal Code, and the Welfare and Institutions Code, but section 859b was *not* among the

_____

[14] Petitioner submitted below the reporter's transcript for the March 16, 2020 arraignment in *People v. Robert Kennedy Ferguson* (Super Ct. Contra Costa, 2020, No. 2-330443-3).

18

listed provisions.[15]  The language of the Superior Court's March 16 implementation order mirrored the language in the March 13 order, and also did not contain any language providing the days of the closure period would be treated as court holidays for purposes of section 859b.  In relation to section 859b, both the Chief Justice's March 13 order and the Superior Court's March 16 order extended the time for holding preliminary hearings "from 10 court days to not more than 15 court days" in cases where "the statutory deadline would otherwise expire from" March 16 to April 1, under the authority of Government Code section 68115, subdivision (a)(9).

Government Code section 68115, subdivision (a), states that, "When war, an act of terrorism, public unrest or calamity, *epidemic*, natural disaster, or other substantial risk to the health and welfare of court personnel or the public, or the danger thereof, . . . or a condition that leads to a *state of emergency being proclaimed* by the President of the United States or *by the Governor pursuant to Section 8625*, threatens the orderly operation of a superior court location or locations within a county or renders presence in, or access to, an affected court facility or facilities unsafe, the presiding judge may request and the Chairperson of the Judicial Council may, notwithstanding any other law, by order authorize the court to do one or more of the following:  [¶] . . . [¶]  (9)  Extend the time period provided in

---

[15] In relevant part, the Chief Justice's March 13, 2020 order "[d]eclare[d] that from March 16, 2020, to April 1, 2020, inclusive, be deemed holidays for purposes of computing the time for filing papers with the court under Code of Civil Procedure sections 12 and 12a (Gov. Code, § 68115(a)(4))" and "[d]eclare[d] that from March 16, 2020, to April 1, 2020, inclusive, be deemed holidays for purposes of computing time under Penal Code section 825 and Welfare and Institutions Code sections 313, 315, 334, 631, 632, 637, and 657 (Gov. Code, § 68115(a)(5))."

19

Section 859b of the Penal Code for the holding of a preliminary examination from 10 court days to not more than 15 court days." (Emphasis added.)

The good cause issue was first addressed in response to Petitioner's April 7, 2020 petition for writ of mandate in the Superior Court.[16] Judge Santos found there was good cause to continue the preliminary hearing from March 18, 2020 (10 court days after the arraignment and plea) to March 25 (15 court days after the arraignment and plea), based on Government Code section 68115, subdivision (a)(9), the Chief Justice's March 13 order, and the Superior Court's March 16 order. Petitioner does not dispute this conclusion. The judge then found there was good cause to continue the preliminary hearing from March 25 to April 9 because "the unprecedented pandemic conditions that California was facing directly impacted the court's operations."[17] The Superior Court referenced the indisputably widespread disruption and chaos caused by the COVID-19 pandemic, causing the Governor to declare a state of emergency and the issuance of statewide and Contra Costa shelter-in-place orders. Addressing Petitioner's argument that the court had available courtrooms and judges between March 25 and April 2 but simply chose not to conduct preliminary hearings, the court stated, "petitioner does not dispute that we are in the midst of a major public health emergency where persons all over the globe are being advised by their

---

[16] Judge Goldstein did not address the good cause issue; instead, he concluded there was no violation of that statute in light of the Chief Justice's March 30 order. Judge Santos disagreed the 30-day extension in the March 30 order was retroactive, and the People do not defend the magistrate's reasoning in the present proceeding. We believe Judge Santos' ruling on this matter was sound and need not further address the issue.

[17] Judge Santos agreed the Superior Court had erred in treating its court closure days as holidays for purposes of calculating the statutory deadline for Petitioner's preliminary hearing.

governments to stay home and avoid contact with other persons who might transmit to or receive from them a deadly disease." On this issue, Judge Santos' order concluded "the impact of the pandemic on the Contra Costa Superior Court operations and the challenges faced by the court raised a myriad of problems that arose under these unique circumstances and provided good cause for continuing petitioner's preliminary hearing beyond the 15th court day of March 25, 2020, to April 9, 2020." The order acknowledged the finding of good cause to continue the preliminary hearing beyond the 15th court day was "notwithstanding the express terms of the March 13 statewide emergency order and the Superior Court of Contra Costa's initial interpretation of that order" providing an extension under Government Code section 68115.

B.    *Analysis*

The Superior Court abused its discretion because its finding was not based on any particularized showing of good cause and appears inconsistent with certain contemporaneous steps taken by the court.

Government Code section 68115, subdivision (a)(9) provides for an extension of time to conduct in-custody preliminary examinations from 10 to 15 court days due to an epidemic. When the Legislature reevaluated Government Code section 68115 in the 2017–2018 session, it sought to "ensure that it adequately empowers the Judiciary to respond to emergency conditions to ensure justice is best preserved while still protecting the fundamental right to due process of law." (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 1208 [2017-2018 Reg. Sess.] August 1, 2018, p. 6.) The Chief Justice's five-day extension of the section 859b time limit in her March 13, 2020 order is brief and reflects the importance of providing a defendant in custody on a felony complaint a prompt judicial determination of

21

probable cause. Further, the Chief Justice's March 20 advisory "strongly encourage[d]" superior courts to consider measures that could "be taken immediately to protect constitutional and due process rights of court users," including "[p]rioritiz[ing] arraignments and preliminary hearings for in-custody defendants."

The Chief Justice's 5-court-day extension on March 13, 2020 does not mean a superior court could not, on a particularized showing of good cause, continue a preliminary examination beyond the extended period in Government Code section 68115, subdivision (a)(9) and the emergency orders issued by the Chief Justice. But in the present case, the Superior Court had *no* evidence before it that Petitioner's preliminary examination could not be conducted by March 25. To the contrary, according to the Superior Court's March 16 order, the court was maintaining a department open "to handle urgent issues such as in-custody arraignments" as well as "any felony or misdemeanor cases in which sentencing must occur during the period of closure." The Superior Court re-commenced conducting preliminary hearings on March 30, just five days after the March 25 deadline for Petitioner's hearing under section 859b (as extended by Government Code section 68115, subdivision (a)(9)). There is no indication in the record of what, if anything, changed between March 25 and March 30 that made safe preliminary examinations feasible. The People point to nothing suggesting the risks presented by the pandemic changed in that five-day period.

In order to show good cause to continue Petitioner's preliminary hearing past March 25, 2020, some showing was required of a nexus between the conditions created by the pandemic and the purported need to delay the hearing. This could include a particularized showing based on a balancing of the due process interests protected by timely preliminary hearings and the

22

unresolvable specific risks posed generally by such hearings or by any specific hearing. But there is no basis in the record for such a finding, and the Chief Justice's March 20 advisory weighed against a continuance. Further, there is no basis in the record to conclude the Superior Court was otherwise unable to provide courtrooms to conduct in-custody preliminary examinations during the March closure period, as it did for other matters. The decision not to allocate available resources is not good cause for failure to comply with Petitioner's statutory rights. (See *People v. Engram* (2010) 50 Cal.4th 1131, 1138 [stating, in the speedy trial context, "when the lack of a judge or courtroom available to timely bring a criminal defendant to trial is fairly and reasonably attributable to the fault or neglect of the state, that circumstance does not constitute good cause to delay the defendant's trial"].)

C.      *The* Tucker*,* Venable*, and* Stanley *Decisions*

In support of its finding of good cause, the Superior Court cited *People v. Tucker* (2011) 196 Cal.App.4th 1313 (*Tucker*) and *In re Venable* (1927) 86 Cal.App. 585 (*Venable*), which are the same cases relied upon by the People in this writ proceeding.

*Tucker*, *supra*, 196 Cal.App.4th 1313, is superficially similar, because the case arose in the context of the 2009 H1N1 pandemic. (*Tucker*, at pp. 1315–1316.) The People focus on *Tucker's* broad assertion, "Public health concerns trump the right to a speedy trial." (*Tucker*, at p. 1314.) But that case merely held that "[g]ood cause for the delay of trial exists when an incarcerated criminal defendant is under quarantine to prevent the spread of infectious disease. A contrary holding would require trial court personnel, jurors, and witnesses to be exposed to debilitating and perhaps life-threatening illness." (*Ibid.*) The holding was based on a particularized showing that delay of the defendant's trial was required because he "was in

23

custody at a correctional facility that was under quarantine because a prisoner had contracted the H1N1 flu virus." (*Tucker*, at p. 1315.) In the present case, the Superior Court was conducting other hearings during the closure period and it re-commenced conducting preliminary examinations on March 30 with no apparent improvement in the pandemic conditions. No showing comparable to that made in *Tucker* was made in the present case.

In *Venable*, *supra*, 86 Cal.App. 585, the Court of Appeal denied habeas corpus relief to a prisoner whose trial for unlawful possession of intoxicating liquor was delayed because "an epidemic of infantile paralysis was prevalent in the town wherein the sessions of the . . . court were held and . . . for that reason no juries were called during that period." (*Id.* at p. 587.) The court held that the epidemic constituted good cause for continuing the trial and, where the trial was continued 8 days, there was no "unreasonable delay in bringing the case to trial after the cessation of the epidemic." (*Id.* at pp. 587–588.) In *Venable*, the record showed it was infeasible to bring the defendant to trial because *no* jury trials were taking place due to the epidemic of infantile paralysis. In contrast, in the present case other hearings were taking place and the Chief Justice expressly encouraged superior courts to prioritize conducting custodial preliminary examinations.

Following the Superior Court's ruling on the petition for writ of mandate, on June 9, 2020, Division Four of this District denied a petition for writ of mandate filed by a defendant claiming violation of his statutory speedy trial rights. (*Stanley*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App.Lexis 506].) At issue in that proceeding were March 23 and April 29 orders by the Chief Justice continuing all jury trials for a total of 90 days and extending by a total of 90 days the time period in section 1382 for holding trial. Division Four cited *Venable* and *Tucker* in stating, "Health quarantines to prevent the

24

spread of infectious diseases have long been recognized as good cause for continuing a trial date." Specifically, the *Stanley* decision held "the severity of the COVID-19 pandemic and the impact it has had within this state" constituted good cause for the 90-day continuances and extensions of time. In reaching that conclusion, Division Four highlighted language from the Chief Justice's April 29 order explaining, "courts are clearly places of high risk during this pandemic because they require gatherings of judicial officers, court staff, litigants, attorneys, witnesses, defendants, law enforcement, and juries—well in excess of the numbers allowed for gathering under current executive and health orders."[18]

Tellingly, *the very next paragraph* of the April 29, 2020 order referenced the Chief Justice's March 20 advisory to, as stated in the April order, "protect constitutional and due process rights" by "prioritizing . . . preliminary hearings for in-custody defendants." Then, the April 29 order referenced the Chief Justice's March 23 order "requiring superior courts to suspend jury trials for 60 days, unless they were able to conduct such a trial at an earlier date, upon a finding of good cause shown or through the use of remote technology, when appropriate . . . ."

Thus, the April 29, 2020 order relied upon by Division Four in finding good cause to continue the defendant's trial for 90 days itself shows that the Chief Justice's orders have treated trials and custodial preliminary hearings differently: the former were continued for 90 days, while the latter were called out as an immediate priority. This distinction reflects the reality that preliminary hearings and trials involve different considerations relevant to

---

[18] <https://newsroom.courts.ca.gov/internal_redirect/cms.ipressroom. com.s3.amazonaws.com/262/files/20203/Chief_Justice_Statewide_Emergency-Order_04292020S.pdf> (as of June 23, 2020).

25

the determination of good cause in the context of a pandemic, making *Tucker*, *Venable*, and *Stanley* distinguishable from the present case. First, there is a greater need during a pandemic to postpone trials, which present a higher risk of spreading infection because they involve more witnesses and large numbers of potential jurors.[19] Given the relaxed rules on hearsay, as well as limitations on cross-examination and the presentation of defense witnesses, preliminary hearings are relatively abbreviated proceedings compared to trials. And, second, delaying an in-custody defendant's right to a judicial determination of probable cause following a live hearing risks detaining the defendant for a prolonged period on a groundless complaint. Delaying that same defendant's post-examination trial does not present that risk. (*Mendella, supra*, 33 Cal.3d at p. 759.) Therefore, the present case presents markedly different considerations than *Stanley*; circumstances in a pandemic that constitute good cause to continue a trial may not constitute good cause to continue a preliminary hearing for a defendant in custody.

D.     *The People's Additional Contentions*

The People appear to contend dismissal is not appropriate because *they* did not seek a continuance, asserting "[t]he ten-court day rule is designed to prevent the People from requesting a continuance that causes unnecessary custodial delay before [a] probable cause determination." (See *Standish, supra*, 38 Cal.4th at p. 873 ["the very reason section 859b was enacted; that is, to ensure that the *prosecution* cannot cause delay that results in the

_____

[19] Indeed, the Chief Justice's March 23, 2020 order stated, after describing the restrictions due to the pandemic, "These restrictions have also made it nearly impossible for courts to assemble juries." (<https://newsroom.courts.ca.gov/internal_redirect/cms.ipressroom.com.s3.am azonaws.com/262/files/20202/Statewide%20Order%20by%20the%20Chief%20 Justice-Chair%20of%20the%20Judicial%20Council%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.pdf> (as of June 23, 2020).)

prolonged incarceration of a charged individual without a determination of probable cause."]; *In re Samano* (1995) 31 Cal.App.4th 984, 989 ["Section 859b, subdivision (b) is premised on the People as the initiator of the continuance."].)  However, the circumstance that the Legislature may have contemplated that the prosecution would typically be the source of delay does not mean the time limits for a preliminary hearing for a defendant in custody have no application where the purported need for a continuance does not come from the prosecution.  (*Ramos*, *supra*, 146 Cal.App.4th at p. 734 ["Nothing in section 859b's 60–day rule suggests its sanctions are to apply only when the prosecutor has initiated the continuance of the preliminary hearing (as opposed, for example, to a continuance on the court's own motion)."].)

The People also contend their position finds support in section 1387, which addresses when dismissal of a criminal action is a bar to future prosecution on the same offense.  Section 1387 "sets forth what is sometimes referred to as the 'two-dismissal rule':  Two dismissals of a felony action bars further prosecution, except in certain specified circumstances."  (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 739.)  The People argue, "section 1387[, subdivision] (c)(1) also suggests that dismissal is only appropriate for sixty-day violations with good cause and not [ten-day] violations."  The portion of section 1387 the People reference provides, "if the previous termination was pursuant to [s]ection 859b, 861, 871, or 995, the subsequent order terminating an action is not a bar to prosecution if:  [¶]  (1)  Good cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea."  (§ 1387, subd. (c)(1).)  "[S]ection 1387 limits the impact of the [section 859b] mandatory dismissal by providing a

good-cause finding prevents a section 859b dismissal from operating as a bar to further prosecution." (*Ramos*, *supra*, 146 Cal.App.4th at p. 732.) The People fail to explain how section 1387 supports a conclusion that dismissal is improper under the 10-day provision, despite the express language providing for dismissal.

### E. *Conclusion*

We are well aware of the widespread confusion and uncertainty in the early days of the pandemic, and we are sympathetic to the difficult choices faced by the Superior Court in deciding how to proceed during the month of March 2020. However, the record contains no particularized evidence supporting the decision to deny Petitioner his right to a speedy preliminary hearing, especially in light of the role such proceedings play in protecting in-custody defendants. In fact, the record suggests that the court began providing such hearings soon after the date Petitioner's hearing should have occurred, without any basis to conclude the relevant circumstances had changed.

When pandemics or other emergencies disrupt court operations, decisions about which proceedings to delay and which proceedings to conduct must be based on a careful balancing of the actual risks presented and the specific rights at stake. The Chief Justice's March 20, 2020 advisory emphasized precisely this point. Because the record does not support a finding that there was a nexus between the pandemic and the Superior Court's purported inability to conduct preliminary hearings during the second half of March, the Superior Court abused its discretion in rejecting an in-custody defendant's demand for a prompt preliminary examination.

28

## DISPOSITION

Although the magistrate should have granted dismissal, and the Superior Court should have granted Petitioner's writ petition seeking dismissal, the petition in this court is dismissed based on the negotiated disposition and plea resolving the charges against Petitioner.

_____

SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BURNS, J.

(*Bullock v. Superior Court* / A160153)

A160153 / Bullock v. Superior Court

Trial Court:  Superior Court of Contra Costa County

Trial Judges: Honorable David Goldstein & Honorable Anita Santos

Counsel:  Robin Lipetzky, Deputy Public Defender, Diana Alicia Garrido and Jermel Thomas, Public Defenders, for Petitioner.

    Jeremy Seymour, Assistant District Attorney, Amy Bailey and Ryan Wagner, Deputy District Attorneys, Diana Becton, District Attorney, Jeffrey M. Laurence, Senior Assistant Attorney General, for Real Party in Interest.